IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE GOODYEAR TIRE & RUBBER COMPANY,**

    **Plaintiff,**

v.

Case No. 2:20-cv-6347
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

**CONAGRA FOODS, INC.,** *et al.*,

    **Defendants.**

## ORDER

This matter is before the Court for consideration of General Mills, Inc.'s Motion to File Document Under Seal. (ECF No. 87.) Defendant General Mills, Inc. ("General Mills") seeks leave to file under seal a copy of a purchase agreement executed in 1985 between non-parties Jeno's, Inc. ("Jeno's") and The Pillsbury Company ("Pillsbury"), which General Mills argues is contractually confidential and contains Jeno's business information and records which are unrelated to the subject action. (*Id.*) Plaintiff does not object to the request, but reserves the right to challenge the confidentiality claim. (*Id.*)

It is well established that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Commc'ns,* 435 U.S. 589, 598 (1978). A court's discretion to seal records from public inspection, however, is limited by "the presumptive right of the public to inspect and copy judicial documents and files[,]" which the United States Court of Appeals for the Sixth Circuit as described as a "long-established legal tradition." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 473–74 (6th Cir. 1983); *see also Brown & Williamson Tobacco*

*Corp. v. FTC*, 710 F.2d 1165, 1178–80 (6th Cir. 1983) (discussing the justifications for the "strong presumption in favor of openness"). Therefore, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). The Sixth Circuit has indicated that exceptions fall into two categories: (1) exceptions "based on the need to keep order and dignity in the courtroom"; and (2) "content-based exemptions," which "include certain privacy rights of participants or third parties, trade secrets, and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted).

In addition, the Sixth Circuit has recently emphasized the public's "strong interest in obtaining the information contained in the Court record." *Shane Grp., Inc.*, 825 F.3d at 305 (internal quotation marks and citation omitted); *see also In re Nat'l Prescription Opiate Litig.*, 927 F.3d 919, 939 (6th Cir. 2019) ("'[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305). Accordingly, district courts must consider "each pleading [to be] filed under seal or with redactions and to make a specific determination as to the necessity of nondisclosure in each instance" and must "bear in mind that the party seeking to file under seal must provide a 'compelling reason' to do so and demonstrate that the seal is 'narrowly tailored to serve that reason.'" *In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 940 (quoting *Shane Grp.*, 825 F.3d at 305). If a district court "permits a pleading to be filed under seal or with redactions, it shall be incumbent upon the court to adequately explain 'why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary.'" *Id*. (quoting *Shane Grp., Inc.*, 825 F.3d at 306).

Applying the foregoing considerations to this case, the Court finds that the public has some interest in this action, which arises from the Defendants' alleged roles in the release and/or threatened release of hazardous substances which allegedly threaten the public health and the environment. The purchase agreement between Jeno's and Pillsbury, however, contains confidential business information and records which implicate the interests of Jeno's, which is not a party to this litigation. (ECF No. 87.) "'[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)); *see also In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 474, 477 (6th Cir. 1983) ("[C]ourts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing" and denying petition for writ of mandamus seeking access to exhibits from the public record where "the individuals protected by the closure order here are third parties who were not responsible for the initiation of the underlying litigation") (internal quotation marks and citations omitted).

After weighing these competing interests, the Court finds that protecting the privacy interests of Jeno's outweighs the public's interest in disclosure of these materials in this case. *Shane Grp., Inc.*, 825 F.3d at 305; *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474, 477. Because General Mills does not seek to redact those portions of its summary judgment briefing that discuss the purchase agreement, the Court agrees that the public will not need to view the purchase agreement to understand the arguments for and against the summary judgment briefing. *See London Computer Sys., Inc. v. Zillow, Inc.*, No. 1:18-CV-696, 2020 WL 4431478, at *3 (S.D. Ohio July 31, 2020). Finally, because the confidential information is pervasive throughout the purchase agreement, the Court finds that sealing the document in its entirety "is no broader

than necessary" to protect the information, as redaction may render the document meaningless. *See In re Nat'l Prescription Opiate Litig.*, 927 F.3d at 939 (citations and internal quotation marks omitted); *Shane Grp., Inc.*, 825 F.3d at 306.

For these reasons, General Mills, Inc.'s Motion to File Document Under Seal (ECF No. 87) is **GRANTED**. The Clerk is **DIRECTED** to accept for filing under seal a copy of a document entitled "Purchase Agreement Dated as of December 9, 1985 Between The Pillsbury Company and Jeno's, Inc." with associated exhibits, which shall be submitted within **SEVEN (7) DAYS** from the date of this Order.

    **IT IS SO ORDERED.**

|  |  |
|---|---|
| | */s/ Elizabeth A. Preston Deavers* |
| **DATED: July 12, 2021** | **ELIZABETH A. PRESTON DEAVERS** |
| | **UNITED STATES MAGISTRATE JUDGE** |