UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

The Goodyear Tire & Rubber
Company,

    Plaintiff,

v.

Conagra Foods, Inc., *et al.*,

    Defendants.

Case No. 2:20-cv-6347

Judge Michael H. Watson

Magistrate Judge Deavers

## OPINION AND ORDER

R.J. Reynolds Tobacco Holdings, Inc. ("Defendant") moves to exclude a report by Dr. Kirk W. Brown ("Dr. Brown"), who is one of The Goodyear Tire & Rubber Company's ("Plaintiff") experts. ECF No. 197. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    BACKGROUND

Plaintiff brings this action under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA") to recover some costs of an environmental clean-up effort in Jackson County, Ohio. *See generally*, Am. Compl., ECF No. 51. In February 2023, Magistrate Judge Deavers issued the following order on the parties' discovery schedule:

> Unless otherwise agreed to by the parties, the parties shall have until **FEBRUARY 27, 2023** to produce primary expert reports, but [the] parties may supplement their primary report if new information is disclosed in a deposition taken after the primary expert report is produced[.]

Order 5, ECF No. 178.

Pursuant to that Order, the parties exchanged primary expert reports on February 27, 2023, and agreed that they could supplement those reports by June 30, 2023. A defense expert discussed an Industrial Waste Survey dated October 15, 1977 (the "1977 Report") in his primary report; Dr. Brown, Plaintiff's expert, did not. Later, Plaintiff requested a copy of the 1977 Report for Dr. Brown's review. Defendant complied with the request, and Dr. Brown discussed the 1977 Request in his rebuttal report.

On June 30, 2023, Plaintiff disclosed a purported "supplemental" expert report from Dr. Brown (the "June Report"). Defendant now moves to exclude the June Report. Mot., ECF No. 197.

## II. DISCUSSION

Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose a written report of any witness who "is one retained or specially employed to provide expert testimony." Rule 26(e) adds the ongoing duty to supplement these disclosures in a timely manner if the party learns they were incomplete or incorrect. If a party does not comply with Rule 26(a) or (e), that party may not use the improperly disclosed information "to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c).

The Court considers whether the June Report is a proper supplement and, if it is not, whether it must be excluded.

### A. Was the June Report a Proper Supplement?

When considering whether a purported supplemental report is a proper supplement under Rule 26, courts consider the "substance of a report rather than its label." *Yoe v. Crescent Sock Co.*, No. 1:15-CV-3-SKL, 2017 WL 11218929, at *7 (E.D. Tenn. Aug. 31, 2017) (citation omitted). Under Rule 26(e), "supplement" means "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Antioch Co. Litig. Tr. v. McDermott Will & Emery, LLP*, No. 3:09-CV-218, 2016 WL 8257680, at *2 (S.D. Ohio July 15, 2016) (quotation marks and citation omitted). "[C]ourts have routinely rejected attempts to add new analyses, opinions, or theories under the guise of supplementation." *Bentley v. Highlands Hosp. Corp.*, No. CV 15-97-ART-EBA, 2016 WL 5867496, at *4 (E.D. Ky. Oct. 6, 2016) (citing cases).

Here, the June Report is not a proper supplement under Rule 26. The June Report does not merely correct small errors or omissions. Instead, relying largely on the 1977 Report, the June Report includes a substantial new analysis of different substances in wastewater and expressly ties those substances to Defendant. June Report, ECF No. 197-8. Further, the June Report refers readers to Dr. Brown's rebuttal report for further discussion of the 1977 Report. *Id.* Taken as a whole, the June Report reads more like another rebuttal of the defense expert's report, rather than a proper supplement. *See Yoe*, 2017 WL 11218929, at *7 (discussing the differences between rebuttal and supplemental

reports and explaining that reports that "contradict or rebut evidence" are rebuttals, not supplements).

Plaintiff argues that these more extensive changes were warranted because Dr. Brown did not have the 1977 Report when he wrote his initial report. This argument is unpersuasive. True, sometimes courts will allow a supplement that changes an initial opinion if "subsequent to the preparation of the original report, new information was discovered which required that the original report be supplemented because the *original opinion was no longer correct.*" *Antioch Co. Litig. Tr.*, 2016 WL 8257680, at *2 (emphasis added). Here, however, the June Report does not correct a prior opinion that, because of the 1977 Report, Dr. Brown realized was incorrect. Instead, the June Report uses the 1977 Report to further support Dr. Brown's original opinion. June Report, ECF No. 197-8. Thus, Plaintiff's "new information" argument is unavailing.

Thus, the June Report was not a proper supplement and, therefore, its contents were not properly disclosed under Rule 26(e). Accordingly, the June Report must be excluded unless Plaintiff shows that the failure to comply with Rule 26 was substantially justified and harmless.

**B.    Was the Failure to Disclose Substantially Justified or Harmless?**

In the Sixth Circuit, courts consider five factors to determine whether a party's failure to comply with Rule 26 was "substantially justified" or "harmless":

> (1) The surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the

>importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence.

*Howe v. City of Akron*, 801 F.3d 718, 748 (6th Cir. 2015) (citation omitted).

The *Howe* factors weigh against a finding of "substantially justified" or "harmless." As to factor one—surprise to Defendant—although Defendant may have expected *some type* of supplemental report, it did not expect *this type* of "supplemental" report, which is essentially a second rebuttal report. Moreover, the June Report includes over five pages of references, at least some of which had not been previously cited, which would necessarily require significant time and energy to properly review. Thus, the June Report caused meaningful surprise to Defendant, and the first factor weighs against Plaintiff.

Turning to factor two, Defendant had a minimal opportunity to cure the surprise. Plaintiff supplied the June Report at the end of the discovery period, and Defendant had only a short time to review the June Report before deposing Dr. Brown. Accordingly, the second factor favors exclusion.

Factors three and four—the extent to which the June Report would interrupt trial and the importance of the evidence—are neutral. On the one hand, the June Report is largely about the 1977 Report, which Dr. Brown's rebuttal report also covers. Thus, the additional information in the June Report is not overly disruptive for trial and, because other expert reports discuss the 1977 Report, the June Report is not vitally important to either party's case. On the other hand, the June Report still contains additional analysis, which could bolster

Plaintiff's position and would likely require more time on cross-examination. Thus, the third and fourth factors do not weigh heavily in either direction.

Finally, the Court considers the fifth factor, Plaintiff's explanation for its failure. Plaintiff argues little justification beyond its insistence that the June Report was properly disclosed. This explanation is insufficient. Thus, the fifth factor weighs against Plaintiff.

In sum, the *Howe* factors weigh against a finding that Plaintiff's discovery violation was substantially justified and harmless. The June Report is thus **EXCLUDED**.

### III. OTHER SANCTIONS

In addition to exclusion, Defendant requests attorney's fees and expenses. ECF No. 197. Federal Rule of Civil Procedure 37(c)(1) provides that, for a failure to disclose, a court may impose sanctions in addition to exclusion, including attorney's fees. Whether to impose such a sanction is at the Court's discretion. *See Benick v. Nanogate N. Am., LLC*, No. 1:22-CV-01479-PAB, 2023 WL 4235530, at *5 (N.D. Ohio June 27, 2023) ("The rule indicates that a court *may*, rather than must, impose fees and expenses under Fed. R. Civ. P. 37(c)." (emphasis in original)). On the circumstances of this case, the Court concludes that Defendant is entitled to reasonable attorney's fees and expenses for responding to the Supplement and drafting the motion. Defendant shall provide its lodestar calculation of its fees and time sheets supporting the same **WITHIN FOURTEEN DAYS**.

## IV.  CONCLUSION

For these reasons, Defendant's motion is **GRANTED**.  The June Report is **EXCLUDED**, both from the Court's consideration on summary judgment and from any trial.  Defendant is **AWARDED** reasonable attorney's fees and expenses for responding to the Supplement and drafting the motion; Defendant shall submit its lodestar calculation of its fees with supporting time sheets **WITHIN FOURTEEN DAYS**.

The Clerk shall terminate ECF No. 197.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**