# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| THE GOODYEAR TIRE & RUBBER COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 2:20-cv-06347-JLG-EPD |
| v. | ) ) | |
| CONAGRA FOODS, INC., et al., | ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF THE GOODYEAR TIRE & RUBBER COMPANY'S RESPONSES TO DEFENDANT OSCO INDUSTRIES, INC.'S FIRST SET OF DISCOVERY REQUESTS**

Plaintiff The Goodyear Tire & Rubber Company ("Plaintiff" or "Goodyear") sets forth its responses to the First Set of Combined Discovery Requests Propounded upon Plaintiff by Defendant OSCO Industries, Inc. ("Defendant" or "OSCO Industries").

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Plaintiff objects to the definition of "Document" in definition no. 1 to the extent it attempts to expand the word "document" beyond Plaintiff's requirements under Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff will respond to discovery requests related to documents in accordance with Rules 26 and 34 of the Federal Rules of Civil Procedure and any other applicable Federal and Local Rules.

Plaintiff objects to the definitions of "and" and "or" in definition no. 4 to the extent they are defined to have both conjunctive and disjunctive meanings. Plaintiff will respond to discovery requests containing the word "and" as if it had a conjunctive meaning, and the word "or" as if it had a disjunctive meaning.

1

Plaintiff objects to the definitions of "identify" and "identifying" in definitions no. 5, to the extent it is overly broad and unduly burdensome to request that Plaintiff provide all the information requested in the subparts for these definitions as they relate to persons, corporate entities, limited liability corporations, documents, statements, and communications. Plaintiff will respond to discovery requests that contain the words "identify" and "identifying" to the extent those terms are generally defined and known without such expansions to such terms.

Plaintiff objects to the definition of "Knowledge" in definition no. 12 to the extent it is overly broad and unduly burdensome to request that the Plaintiff provide all "the information including but not limited to, personal knowledge, hearsay, personal belief, correspondence, or review of documents." Plaintiff will respond to discovery requests related to communications to the extent that term is generally defined and known without such an expansion of such term.

Plaintiff objects to the definition of "Communication" in definition no. 18 to the extent it is overly broad and unduly burdensome to request that Plaintiff provide "all correspondence, regardless whether in writing or in person, and regardless whether electronic, by telephone, facsimile, or orally." Plaintiff will respond to discovery requests related to communications to the extent that term is generally defined and known without such an expansion of such term.

Plaintiff objects to the Request to the extent they seek the production to documents protected by the attorney-client privilege, work-product doctrine, or any other legally cognizable privilege, immunity, or protection from discovery (collectively, "privileged information"). OSCO will not produce privileged information. To the extent any privileged information is produced, it is produced inadvertently and shall not constitute a waiver of any privilege, immunity, or protection either as to that or any other information or document. Plaintiff reserved the right to correct the record with regard to any such inadvertent disclosure.

Plaintiff objects to the Request to the extent that they seek production of documents that contain confidential or proprietary information regarding Plaintiff's business, including but not limited to trade secrets, confidential business methods or practices, or other non-public business-related information. Any otherwise responsive documents containing such confidential or proprietary information regarding Plaintiff's business will be produced only pursuant to a mutually agreeable protective order.

## RESPONSES TO INTERROGATORIES

***INTERROGATORY NO. 1:*** *Identify all persons who Goodyear contacted, or attempted to contact, relating to potential wastes generated by OSCO that may have been disposed at the JCL Site, and for each person (a) specify whether the contact was successful in terms of discussing OSCO's wastes or unsuccessful; (b) give the person's last known address and telephone number; and (c) provide a summary of any written statement or conversation relating to potential waste disposal by OSCO.*

**Response:** Plaintiff objects to this request to the extent it seeks information that is clearly protected by the attorney-client privilege and work protect doctrine. Pursuant to Rule 26(a)(1)(A)(ii), Goodyear has already identified those individuals likely to have discoverable information that Goodyear may rely upon to support its claims, and it will supplement its initial disclosures as appropriate and in accordance with the Federal Rules.

Subject to and without waiving the foregoing objections, Goodyear responds as follows: Goodyear submitted a public records request to Ohio EPA to request records relating to each Defendant's facility, including OSCO's, addressed to Cynthia Stello. Her last known contact information is as follows:

Cynthia L. Stello
Ohio EPA
District Operations
Southeast District Office
740-380-5270
Cynthia.stello@epa.ohio.gov

Goodyear produced all records received from Ohio EPA in response to its public records request to all Defendants on July 6, 2022. Goodyear has also issued third-party subpoenas to certain waste haulers or believed waste haulers, including Clary Trucking, Clay Trucking, Davis Trucking, Mid-America Waste, Mound Refuse Co. and Oliver Steel Co. Discovery is ongoing, and Goodyear will supplement its response to this Interrogatory and/or its initial disclosures, as appropriate, if it identifies additional individuals with discoverable information about OSCO's disposal of wastes at the JCL Site.

**_INTERROGATORY NO. 2:_** _Identify all persons who have knowledge, or claim to have knowledge, that wastes generated by OSCO were disposed of at the Jackson County Landfill Site._

**Response:** Goodyear objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work protect doctrine, or any other applicable privileges or protections. Goodyear further objects to this request to the extent it seeks information about OSCO's own waste handling and disposal practices that may solely reside within OSCO's possession.

Subject to and without waiving the foregoing objections, Goodyear responds as follows: Goodyear has previously identified such individuals as part of its Rule 26 Initial Disclosures, and supplements thereto, as were previously produced to all defendants, including OSCO. Pages 1–14 of Goodyear's Initial and Supplemental Disclosures contain numerous paragraphs of persons who may have knowledge responsive to this interrogatory, including various Site operators and Ohio EPA staff familiar with the Site history. Specifically, Goodyear refers OSCO to Paragraph 23 on Page 10 of Goodyear's Initial Disclosures, which identifies current or former OSCO employees who may have knowledge responsive to this interrogatory and whom Goodyear identified from the records it has previously disclosed to all defendants in this case.

**_INTERROGATORY NO. 3:_** _Identify all current or former employees of any hauler from whom Goodyear has obtained a deposition, written statement, affidavit, or memorialized notes relating to disposal of wastes by OSCO at the Jackson County Landfill Site._

**Response:** Goodyear objects to this interrogatory to the extent it seeks information that is protected by the attorney-client privilege, work protect doctrine, or any other applicable privileges or protections. Goodyear further objects to this interrogatory to the extent it seeks information or documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Plaintiff further object to this interrogatory to the extent it requests information from documents that are solely in OSCO's possession and/or equally available to all parties, including OSCO. In addition, to the extent any documents about wastes that OSCO transported or otherwise arranged to be transported to the Site are in the possession of EPA or Ohio EPA, they are public documents that are equally available to all parties, including OSCO.

Subject to and without waiving the foregoing objections, Goodyear responds as follows: Goodyear refers OSCO to the Kingsland Report and attachments and source documents, which was prepared for Goodyear and included in Plaintiff's Initial and Supplemental Disclosures and produced to OSCO pre-litigation. The Kingsland Report contains numerous interview summaries of former employees of the Site, some of which hauled waste to the Site. Additional documents responsive to this request can be found in Goodyear's Initial and Supplemental Disclosures, which are sufficiently detailed to enable OSCO to determine to which Bates-labeled documents Plaintiff is referring. Since the burden of deriving or ascertaining the information and documents responsive to this interrogatory from such indices is substantially the same for Plaintiff and OSCO, pursuant to Rule 33(d) of Federal Rules of Civil Procedure, Plaintiff Refers OSCO to Plaintiff's Initial and Supplemental Disclosures.

**_INTERROGATORY NO. 4:_** _If Goodyear's response to Request for Admission No. 2 is a denial, please produce all documents discussing, in whole or in part, the reasons why Ohio EPA selected a geomembrane cap as part of the Agency's remedy for the Jackson County Landfill Site._

**Response:** Goodyear objects to this interrogatory to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Plaintiff further object to this interrogatory to the extent it requests information from documents that are solely in OSCO's possession and/or equally available to all parties, including OSCO. Goodyear further objects to this interrogatory to the extent it calls for a legal conclusion. To the extent any documents about the reasons Ohio EPA selected a geomembrane cap for the Site are in the possession of USEPA or Ohio EPA, they are public documents that are equally available to all parties, including OSCO. Plaintiff further objects to this request to the extent it seeks information about Ohio EPA's decision-making processes that are unavailable to Goodyear and/or equally available to all parties, including OSCO. Finally, Goodyear objects to this interrogatory to the extent it is based on an objectionable Request for Admission and is otherwise inconsistent with Rule 33 of the Federal Rules in simply seeking the production of documents.

Subject to and without waiving the foregoing objections, Goodyear responds as follows: see response to Request for Admission No. 2 and the documents referenced therein. In addition, Ohio EPA's reason for selecting a geomembrane cap is addressed in the administrative records for the Site which Plaintiff has previously produced to all defendants, including OSCO on numerous occasions, including as part of its pre-litigation disclosures to defendants as well as part of its Initial and Supplemental Disclosures.

**_INTERROGATORY NO. 5:_** _State whether Goodyear placed a litigation hold on documents and communications relating to potential claims arising out of the Jackson County Landfill Site, and if the answer is yes, please specify the date and the scope of the litigation hold and whether it is_

*still in place, or if the answer is no, please specify the reasons why Goodyear did not place a litigation hold on such documents and communications.*

**Response:** Plaintiff objects to this interrogatory to the extent it seeks discovery on discovery or is protected by the attorney-client privilege, work protect doctrine, or any other applicable privileges or protections. Plaintiff further objects to this interrogatory because it is vague and ambiguous, overbroad and unduly burdensome.

***INTERROGATORY NO. 6:*** *Specify the first date that Goodyear had communications with Ohio EPA, during which Goodyear informed Ohio EPA that one or more companies, local governments and/or individuals, including, but not limited to, OSCO, allegedly disposed of wastes at the Jackson County Landfill Site.*

**Response:** Plaintiff objects to this interrogatory because it seeks information that it not relevant to any claims or defenses in this case.

Subject to and without waiving any objections, Plaintiff refers OSCO to its Initial and Supplemental Disclosures, and Exhibit A to the same, produced to all defendants, including OSCO. Exhibit A to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this request. Since the burden of deriving or ascertaining the information and documents responsive to this interrogatory from such indices is substantially the same for Plaintiff and OSCO, pursuant to Rule 33(d) of Federal Rules of Civil Procedure, Plaintiff Refers OSCO to Plaintiff's Initial and Supplemental Disclosures. Plaintiff notes a simple word search of "PRP" on Exhibit A of Plaintiff's Initial and Supplemental Disclosures shows an email from Ron Clark of Goodyear to Ohio EPA regarding "Additional PRPs" on October 8, 2012, Bates Nos. GY0013273–77. Additionally, counsel for Goodyear had correspondence with Ohio EPA generally regarding additional PRPs starting in at least 2011, leading to a July 13, 2012 email

Bates-labeled GY015030, that referenced a list of PRPs they were interested in discussing further with Ohio EPA.

***INTERROGATORY NO. 7:*** *Please identify all haulers and Goodyear employees involved at any time in the disposal of wastes from the Goodyear Jackson, OH plant at the Jackson County Landfill Site. For purposes of this Interrogatory, the term "disposal of wastes" includes, but is not limited to, (a) employees involved in staging, containerizing, or storing wastes at the plant or overseeing such activity prior to the wastes being disposed of at the Jackson County Landfill Site; (b) employees involved in testing, quantifying, or characterizing wastes at the plant prior to being disposed of at the Jackson County Landfill Site; (c) employees or haulers responsible for actual hauling wastes from the plant to the Jackson County Landfill Site; (d) employees responsible for contacting a hauler to transport wastes from the plant to the Jackson County Landfill Site; (e) employees responsible for selecting the Jackson County Landfill Site as the place for disposal of wastes; (f) employees responsible for paying bills, invoices or other forms of charges for the cost of disposal of wastes at the Jackson County Landfill Site; and (g) employees responsible for correspondence with owners and/or operators of the Jackson County Landfill Site relating to disposal of waste at that Site.*

**Response:** Plaintiff objects to the request and its various subparts to the extent such calls for documents or information that are not relevant to any claim or defense in this litigation. Plaintiff further objects to this interrogatory to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Finally, Plaintiff objects to this interrogatory because it contains multiple discrete subparts in a single interrogatory in violation of FED. R. CIV. P. 33.

Subject to and without waiving the foregoing objections, Goodyear responds as follows: Plaintiff's Initial and Supplemental Disclosures contain detailed indices (Exhibits A and B to same) of all documents produced by Plaintiff to all defendants, including OSCO. Such indices have sufficient detail to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory. Since the burden of deriving or ascertaining the information and documents responsive to this interrogatory from such indices is substantially the same for Plaintiff and OSCO, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure,

Plaintiff refers OSCO to Plaintiff's Initial and Supplemental Disclosures and Exhibits A and B to same.

Plaintiff further states that Pages 1–14 of Plaintiff's Initial and Supplemental Disclosures contain 26 paragraphs of persons who may have knowledge responsive to this interrogatory. More specifically, Paragraph 8 on Page 3 of Plaintiff's Initial Disclosures identifies 23 current or former Goodyear employees which Plaintiff identified from its review of records that have already been produced to all defendants in this matter, including OSCO, and are likewise in indexed on Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures.

**_INTERROGATORY NO. 8:_** _For each Goodyear employee identified in response to Interrogatory No. 7, please specify each of the seven categories listed in Interrogatory No. 7 for which the employee had some level of involvement, and please state whether the employee is still employed by Goodyear, or if not whether they are still alive, and provide for OSCO the last known address and telephone number of each employee._

**Response:** Plaintiff objects to this interrogatory to the extent it contains multiple discrete subparts in a single interrogatory in violation of FED. R. CIV. P. 33. Plaintiff further objects to this request to the extent it is overbroad and unduly burdensome and seeks information that is protected by the attorney-client privilege or work product doctrine.

Subject to and without waiving the foregoing objections, Goodyear provides the following information about the individuals identified in Paragraph 8 of its Initial Disclosures:

| Name | Current or Former Goodyear Employee? | Role |
|---|---|---|
| Bertram Bell | Former | Legal (Assoc. Gen Counsel) |
| Fred C. Betzhold | Former (deceased) | Chemical Engineer |
| David L. Chapman | Former | Director, Environmental |
| Frank Cich | Former | Legal (Environmental) |
| Ronald Clark | Neither | Outside Consultant |
| Maureen DeSanzo | Current | Director, Global Sustainability |
| Tim Frosell | Former | Vice President |
| John Grosjean | Former (deceased) | Employed at Jackson, Ohio, Plant |

| Jan Forsyth | Former (deceased) | Secretary |
|---|---|---|
| R. L. Hively | Former (deceased) | Chemist |
| D. H. Komaromi | Former | Plant Manager |
| Gary Kormos | Current | Category Lead, Procurement |
| Stan Levenger | Neither | Outside Consultant |
| Dennis E. McGavis | Former | Director, EHS&S |
| Kevin O'Day | Former | Engineer |
| Kristin Oswick | Former | Environmental Engineer |
| Neal Roundtree | Former (deceased) | Legal (Environmental) |
| Donald E. Stanley | Former | Vice President |
| Jeffrey A. Sussman | Current | Global Remediation Manager |
| Chris Wiley | Neither | Outside Consultant |

Current or former Goodyear employees or consultants may be contacted through Goodyear's counsel. Additionally, Plaintiff identified the following individuals as affiliated with Goodyear from documents produced with its Initial or Supplemental Disclosures, but for which Goodyear can find no record of employment: Fred Bonghear; Skip Haines; and Bill Woodward.

***INTERROGATORY NO. 9:*** *Unless Goodyear disputes that it submitted a written response to an Information Request sent by or on behalf of Ohio EPA pertaining to the Jackson County Landfill Site, please identify all persons, including, but not limited to, employees, consultants, and inside and outside legal counsel, who assisted Goodyear in the preparation of, review of, and/or approval of, the written responses submitted by Goodyear to Ohio EPA.*

**Response:** Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work protect doctrine, or any other applicable privileges or protections. Plaintiff also objects to this request as seeking information that is not relevant to any claims or defenses in this case.

Subject to and without waiving the foregoing objections, Plaintiff states that its Initial and Supplemental Disclosures contain detailed indices (Exhibits A and B to same) of all documents produced by Plaintiff to all defendants, including OSCO. Such indices have sufficient detail to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory. Since the burden of deriving or ascertaining the information and documents responsive to this interrogatory from such indices is substantially the same for

Plaintiff and OSCO, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff

refers OSCO to Plaintiff's Initial and Supplemental Disclosures and Exhibits A and B to same.

Plaintiff notes that a simple word search of Exhibit A to Plaintiff's Initial and Supplemental

Disclosures for "Information Request" or "Request for Information" yields numerous

correspondence between various Goodyear current or former employees and Ohio EPA and/or

EPA in response to information requests starting as early as March 10, 1981 in a Response to

Ohio EPA Request for Information authored by Robert Hively. See Bates Nos. GY0021129–33.

**_INTERROGATORY NO. 10:_** _Identify all documents that discuss, in whole or in part, each_
_chemical, element, chemical compound, hazardous substance, waste or waste-containing_
_material the presence of at, or threatened or actual release from, the Jackson County Landfill_
_Site Goodyear believes was a motivating or driving force, in whole or in part, behind Ohio_
_EPA's selection of the components of the remedy that Goodyear has implemented at the Site; and_
_for each chemical, element, chemical compound, hazardous substance, waste or waste-_
_containing material Goodyear identified, please identify all persons at Ohio EPA who Goodyear_
_believes shares its belief._

**Response:** Plaintiff objects to this interrogatory to the extent it seeks discovery on subject

matters that may be subject to expert testimony or is protected by the attorney-client privilege,

work protect doctrine, or any other applicable privileges or protections. Plaintiff further objects

to this interrogatory because it is vague and ambiguous, overbroad and unduly burdensome, and

calls for Plaintiff to speculate about the "beliefs" of individuals working for Ohio EPA and what

the "motivating" "force" may have been for selecting certain components of the remedy. The

administrative records for the JCL Site, which would document the bases for Ohio EPA's

selection of the remedy, are equally available to OSCO. Finally, Plaintiff objects to this

interrogatory because it contains multiple discrete subparts, and seeks information that is not

relevant to any party's claims or defenses, as parties seeking to recover CERCLA response costs

are not required to prove that a particular chemical, element or hazardous substance has caused

the incurrence of such response costs in order to recover response costs incurred as a result of a release of hazardous substances.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff refers OSCO to Plaintiff's Initial and Supplemental Disclosures and Exhibits A and B to the same. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory. Specifically, there are numerous analytical reports and administrative records discussing the existence and relative concentration of various contaminants, and such records also identify certain employees of Ohio EPA responsible for the Site and whom may have knowledge regarding Ohio EPA's decision-making process with respect to the Site. Further, Plaintiff's Initial and Supplemental Disclosures identify persons who may have knowledge responsive to this interrogatory. Particularly, Paragraph 21 of Plaintiff's Initial Disclosures and Paragraph 30 of Plaintiff's Supplemental Disclosures identify numerous current or former employees of Ohio EPA which may have knowledge of Site operations and environmental response activities there.

**_INTERROGATORY NO. 11:_** *Identify each person who Goodyear believes has knowledge of the disposal of wastes by OSCO, or on its behalf, at the Jackson County Landfill Site.*

**Response:** Plaintiff incorporates its response and objections to Interrogatory No. 2 as if fully stated herein.

**_INTERROGATORY NO. 12:_** *Please identify all uncontainerized waste that Goodyear disposed of, or was disposed of on behalf of Goodyear, at the Jackson County Landfill Site, and provide a description of the chemical composition of each such waste, the dates when the waste was disposed of, the volume of each shipment of the waste, how the waste was transported to the Jackson County Landfill Site, the name of any hauler that was used to transport the waste to the Jackson County Landfill Site, and whether any testing or chemical or physical analysis of the waste was performed.*

**Response:** Plaintiff objects to this interrogatory as vague and ambiguous, overbroad, and unduly burdensome to the extent it purports to require Plaintiff to provide an unreasonable degree of detail about events the occurred decades ago. Plaintiff further objects to this interrogatory to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Finally, Plaintiff objects to this interrogatory because it contains multiple, discrete subparts in violation of Rule 33.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff refers OSCO to Plaintiff's Initial and Supplemental Disclosures and Exhibits A and B to the same. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory. Plaintiff particularly refers OSCO to Plaintiff's June 4, 1984 Response to Ohio EPA's Request for Information with Attachments, Bates Nos. GY0001162–66 as containing information responsive to this interrogatory.

**_INTERROGATORY NO. 13:_** *Please identify all containerized waste that Goodyear disposed of, or was disposed of on behalf of Goodyear, at the Jackson County Landfill Site, and provide a description of the chemical composition of each waste, the dates when the waste was disposed of, the volume of each shipment of the waste, how the waste was transported to the Jackson County Landfill Site, the name of any hauler that was used to transport the waste to the Jackson County Landfill Site, and whether any testing or chemical or physical analysis of the waste was performed.*

**Response:** Plaintiff objects to this interrogatory as vague and ambiguous, overbroad, and unduly burdensome to the extent it purports to require Plaintiff to provide an unreasonable degree of detail about events the occurred decades ago. Plaintiff further objects to the manner in which this interrogatory has been propounded and set forth, in that Defendant has impermissibly attempted to evade the limitations established as to the permissible number of interrogatories under Rule 33

by asking numerous, multiple independent questions or interrogatories that cannot reasonably be characterized as permissible subparts, but rather independent and separate interrogatory requests. Plaintiff further objects to this interrogatory to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff refers OSCO to Plaintiff's Initial and Supplemental Disclosures and Exhibits A and B to the same. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory. Plaintiff particularly refers OSCO to Plaintiff's June 4, 1984 Response to Ohio EPA's Request for Information with Attachments, Bates Nos. GY0001162–66 as containing information responsive to this interrogatory.

**_INTERROGATORY NO. 14:_** _Please identify all documents Goodyear expects to introduce at trial to support a proposed allocation to OSCO of the alleged response costs incurred by Goodyear at the Jackson County Landfill Site._

**Response:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection. Plaintiff further objects to this request because it is premature and inconsistent with the case management schedule in this case. Plaintiff will identify trial exhibits in accordance with the schedule set by the Court.

**_INTERROGATORY NO. 15:_** _Unless Goodyear disputes that it participated in a deposition of Gregory Fields, who was a former owner of the Jackson County Landfill Site, please specify the date of the deposition and specify the steps, if any, that Goodyear undertook to provide notice of the upcoming deposition to all other companies, business entities, and local governments that Goodyear knew or believed, at the time of the deposition, to have disposed of wastes at the Jackson County Landfill Site._

**Response:** Plaintiff objects to this interrogatory because it seeks information that is not relevant to any claims or defenses in this case.

Subject to and without waiving any objections, Goodyear states that did not participate in a deposition of Gregory Fields.

***INTERROGATORY NO. 16:*** *Please identify all documents that contain, address, or relate to, in whole or in part, communications between Goodyear and Ohio EPA relating to OSCO.*

**Response:** Plaintiff objects to this interrogatory to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection. Plaintiff further object to this interrogatory to the extent it requests information from documents that are solely in OSCO's possession and/or equally available to all parties, including OSCO. To the extent communications between Goodyear and Ohio EPA relating to OSCO are in the possession of USEPA or Ohio EPA, they are public documents that are equally available to all parties, including OSCO.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff states that its Initial and Supplemental Disclosures contain detailed indices (Exhibits A and B to same) of all documents produced by Plaintiff to all defendants, including OSCO. Such indices have sufficient detail to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory. Since the burden of deriving or ascertaining the information and documents responsive to this interrogatory from such indices is substantially the same for Plaintiff and OSCO, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, Plaintiff refers OSCO to Plaintiff's Initial and Supplemental Disclosures, supplemental disclosures, and Exhibits A to same. Plaintiff states that Plaintiff has produced all correspondence between Goodyear and Ohio EPA, and Plaintiff's Exhibit A index is sufficiently

detailed for OSCO to identify each correspondence between Goodyear and Ohio EPA and

review its substance and whether or not it addresses OSCO.

***INTERROGATORY NO. 17:*** *With respect to each person identified by Goodyear in either its June 22, 2021, Rule 26 Initial Disclosure and its July 6, 2022, Supplemental/Amended Rule 26 Initial Disclosure as potentially having discoverable information about the disposal of wastes at the Jackson County Landfill Site, please specify (a) the information that Goodyear knows or believes that the person has that relates to disposal at the Jackson County Landfill Site, (b) the party (or parties) in this case for which Goodyear believes the information is relevant, and (c) the nature/characteristics of the waste involved.*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the

attorney client privilege and/or work product doctrines or any other applicable privilege or

protection, including but not limited to the mental impressions of Goodyear's counsel. Plaintiff

further objects to this interrogatory as duplicative and unduly burdensome in that subdivisions

(a) and (b) request information that Goodyear laid out in accordance with Rule 26(a)(1)(A)(i) of

the Federal Rules of Civil Procedure in its Initial and Supplemental Disclosures. Specifically,

Plaintiff identified the general type of information each of the listed person(s) are likely to have

(whether about Site operations, conditions, response activities or response costs) and with which

company they are affiliated, including each of the defendants and Goodyear. Plaintiff identified

the persons in Plaintiff's Rule 26(a)(1)(A)(i) disclosures during Plaintiff's review of the records

in the case which Plaintiff produced to all defendants, including OSCO, with its Initial and

Supplemental Disclosures and indexed on Exhibits A and B thereto. Finally, Plaintiff objects to

this interrogatory because it contains multiple, discrete subparts within a single interrogatory, in

violation of Rule 33.

***INTERROGATORY NO. 18:*** *Please identify all companies, individuals, haulers, government entities, and any other business entity, to which Goodyear requested that Ohio EPA issue an Information Request pertaining to the Jackson County Landfill Site, and specify the earliest date (a month and year will suffice if a specific date is unknown) which Goodyear submitted such request to Ohio EPA.*

**Response:** Plaintiff objects to this interrogatory to the extent it requests public information equally available to OSCO. To the extent any documents about Ohio EPA's information requests pertaining to the Site are in possession of the EPA or Ohio EPA, they are public documents that are equally available to all parties, including OSCO. Plaintiff further objects to this interrogatory as duplicative and overly burdensome to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Finally, Plaintiff objects to this interrogatory to the extent it requests information that it neither relevant to the claims or defenses in this case nor proportional to the needs of the case.

Subject to and without waiving the foregoing objections, Plaintiff is not aware of any information responsive to this interrogatory.

**_INTERROGATORY NO. 19:_** _Please identify all companies, individuals, haulers, government entities, and any other business entity, to which Goodyear knows or believes that Ohio EPA issued an Information Request pertaining to the Jackson County Landfill Site._

**Response:** Plaintiff objects to this interrogatory to the extent it requests public information equally available to OSCO. To the extent any documents about Ohio EPA's information requests pertaining to the Site are in possession of the EPA or Ohio EPA, they are public documents that are equally available to all parties, including OSCO. Plaintiff further objects to this interrogatory as duplicative and overly burdensome to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Specifically, Plaintiff has produced documents showing Ohio EPA issued information requests to at least Masco Cabinetry, Merillat and Jackson County Plastics, as evidenced by correspondence between Goodyear representatives and Ohio EPA produced to all defendants with Plaintiff's Initial and Supplemental Disclosures and indexed on Exhibit A thereto, _see, e.g._,

documents Bates-labeled GY0012735–38 and GY0012731–32 and other documents on page 117 of Exhibit A.

**_INTERROGATORY NO. 20:_** _With respect to each business entity identified by Goodyear in either its June 22, 2021, Rule 26 Initial Disclosure and its July 6, 2022, Supplemental/Amended Rule 26 Initial Disclosure as potentially having discoverable information about response costs incurred by, or remedial activities undertaken by, Goodyear at the Jackson County Landfill Site, please (a) specify for each entity listed relating to response costs (i) the type, nature, and/or category of the response costs Goodyear is referring to, and (ii) the connection between the entity and Goodyear's alleged response costs; and (b) specify for each entity listed relating to response activities (i) the activity that Goodyear is referring to, and (ii) the connection between the entity and Goodyear's response activity._

**Response:** Plaintiff objects to this interrogatory as vague and ambiguous. Plaintiff further objects to this interrogatory as duplicative and overly burdensome to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Specifically, the entities referenced were identified from the response cost invoices disclosed with Exhibit B (Index of Damages) to Plaintiff's Initial and Supplemental Disclosures. OSCO is equally capable of identifying which entities correspond with which invoices and the type of work reflected on such invoices. Finally, Plaintiff objects to this interrogatory because it contains multiple, discrete subparts within a single interrogatory, in violation of Rule 33.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff states that its Initial and Supplemental Disclosures contain detailed indices (Exhibits A and B to same) of all documents produced by Plaintiff to all defendants, including OSCO. Such indices have sufficient detail to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory. Since the burden of deriving or ascertaining the information and documents responsive to this interrogatory from such indices is substantially the same for Plaintiff and OSCO, pursuant to Rule 33(d) of the Federal Rules of

Civil Procedure, Plaintiff refers OSCO to Plaintiff's Initial and Supplemental Disclosures,

supplemental disclosures, and Exhibits A to same.

***INTERROGATORY NO. 21:*** *Other than wastes identified by Goodyear in its response to Ohio EPA's Information Request pertaining to the Jackson County Landfill Site, please identify all other wastes, both containerized waste as well as uncontainerized waste, that Goodyear disposed of, either directly or indirectly through a hauler, at the Jackson County Landfill Site, and for such wastes, please specify the physical and chemical characteristics and volume of the waste in each shipment, the approximate date of each shipment disposed of at the Site, and whether any physical or chemical testing of the waste was conducted either before or after shipment of the waste to the Site.*

**Response:** Plaintiff objects to this interrogatory as vague, ambiguous, and overbroad, as it

seemingly seeks information with an unreasonable degree of precision and specificity; as such, it

is also unduly burdensome. Plaintiff further objects to this interrogatory as duplicative on the

basis that it seeks information and documents that have already been produced by Plaintiff in its

Initial and Supplemental Disclosures to all defendants, including OSCO.  Finally, Plaintiff

objects to this interrogatory because it contains multiple, discrete subparts within a single

interrogatory, in violation of Rule 33.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Goodyear's June 4, 1984 Response to Ohio EPA's Request for Information with Attachments,

Bates Nos. GY0001162–66 contains information responsive to this interrogatory.

***INTERROGATORY NO. 22:*** *Please specify all pages (or at least all applicable sections) of the reports denoted as the remedial investigation, risk assessment(s), feasibility study and decision document for the Jackson County Landfill Site whereat waste(s) allegedly sent by (or on behalf of) OSCO to the Site was found to present an actual, threatened, or potential risk to human health and/or the environment at the Site.*

**Response:** Plaintiff objects to this request to the extent it purports to require Plaintiff to provide

information that is equally available to OSCO.  Plaintiff further objects to this interrogatory to

the extent it seeks information and documents already produced by Plaintiff in its Initial and

Supplemental Disclosures to all defendants, including OSCO. Finally, Plaintiff objects to this

interrogatory as irrelevant to OSCO's CERCLA liability at the Site because there is no requirement to show causation between any defendant's waste streams and the response costs incurred responding to the release or threatened release at the Site.

Subject to and without waiving the foregoing objections, Goodyear responds as follows: the referenced reports speak for themselves, are equally available to all parties, and OSCO can identify the information responsive to this interrogatory just as easily as Plaintiff.

**_INTERROGATORY NO. 23:_** *Please identify all documents and correspondence between Goodyear and Ohio EPA pertaining to constituents of concern listed by Ohio EPA for the Jackson County Landfill Site.*

**Response:** Plaintiff objects to this interrogatory as duplicative and unduly burdensome to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Plaintiff further objects to this interrogatory to the extent it requests public information equally available to OSCO. To the extent any documents about Ohio EPA's information requests pertaining to the Site are in possession of the EPA or Ohio EPA, they are public documents that are equally available to all parties, including OSCO.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff refers OSCO to Plaintiff's Initial and Supplemental Disclosures and Exhibits A and B to the same. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory. Since the burden of deriving or ascertaining the information and documents responsive to this interrogatory from such indices is substantially the same for Plaintiff and OSCO, pursuant to Rule 33(d) of Federal Rules of Civil Procedure, Plaintiff Refers OSCO to Plaintiff's Initial and Supplemental Disclosures. Plaintiff specifically

20

refers OSCO to the RI and FS reports and DFFOs and Decision Document, which are readily identifiable in Exhibit A to Plaintiff's Initial and Supplemental Disclosures, and some of which were produced to OSCO pre-litigation as well.

**INTERROGATORY NO. 24:** *Please specify all persons that/who, to Goodyear's best knowledge, information and belief, Ohio EPA invited or demanded that the person sign onto, or otherwise fund or contribute to, administrative orders signed by Goodyear for response activities relating to the Jackson County Landfill Site.*

**Response:** Plaintiff objects to this interrogatory to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO or in its First Supplemental Disclosures of July 6, 2022. Plaintiff further objects to this interrogatory to the extent it calls for Goodyear to speculate as to the mental impressions and/or motivations of Ohio EPA with respect to having parties sign onto or otherwise fund or contribute to any administrative orders concerning the Jackson County Landfill.

Subject to and without waiving the foregoing objections, Goodyear responds as follows: the August 16, 2005, Director's Final Findings and Orders ("DFFO") for Remedial Investigation and Feasibility Study produced to all defendants, including OSCO, both pre-litigation and as part of Plaintiff's Initial and Supplemental Disclosures, identifies as Respondents the following parties in addition to Goodyear: Sanitation Commercial Services, Inc.; J. Gregory Fields; Shawn Sexton; and Melissa Sexton. Likewise, the December 19, 2016 DFFO for Remedial Design and Remedial Action, produced to all defendants, including OSCO, both pre-litigation and with Plaintiff's Initial and Supplemental Disclosures, identifies in addition to Goodyear the following Respondents: Shawn and Melissa Sexton, Sanitation Commercial Services, Inc. and J. Gregory Fields.

**INTERROGATORY NO. 25:** *Please identify all documents that discuss in whole or in part a request (or demand) from Ohio EPA to Goodyear to move residual spent foundry sand allegedly sent to the Site by OSCO from a staging area adjoining the Site into the main disposal area at*

*the Site, for purposes of consolidation thereof under the geomembrane cap to be installed at the Site.*

**<u>Response:</u>** Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection. Plaintiff further objects to this interrogatory to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Plaintiff further objects to Defendant's references to "staging area adjoining the Site," "main disposal area at the Site," and "for purposes of consolidation thereof" as being vague and ambiguous without any reference to the source and/or further description of what such is made in reference to.

Subject to and without waiving the foregoing objections, Plaintiff responds that in many verbal conversations, Ohio EPA was adamant that the foundry sand area needed to be part of the remedy. Regarding documents that discuss such a request or demand, as an example, Plaintiff specifically directs OSCO to Drawing 2 of the Preferred Plan in the Remedial Investigation report already produced to OSCO and which is public record, which states "The landfill wastes cover approximately 24 total acres with an additional one acre area, located just beyond the landfilled waste, filled with foundry sand (see Drawing 2)." Plaintiff additionally refers OSCO to the definition of the Site in the DFFO already produced to OSCO and which is public record. To the extent any additional documents responsive to this interrogatory have been produced with Plaintiff's Initial and/or Supplemental Disclosures, Plaintiff refers OSCO to Plaintiff's Initial and Supplemental Disclosures and Exhibits A and B to the same. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory. Since the burden of deriving or ascertaining the information and documents responsive to this

22

interrogatory from such indices is substantially the same for Plaintiff and OSCO, pursuant to

Rule 33(d) of Federal Rules of Civil Procedure, Plaintiff Refers OSCO to Plaintiff's Initial and

Supplemental Disclosures.

**_INTERROGATORY NO. 26:_** *With respect to business entities employed by Goodyear at any time to carry out, or otherwise assist with, response activities that Goodyear agreed to perform at the Jackson County Landfill Site under a 2016 administrative order that Goodyear signed with Ohio EPA, please identify all entities that Goodyear (a) fired, (b) replaced, or (c) decided not to continue to employ (hereinafter "Goodyear's action"), relating in any way to a finding, claim or belief by Goodyear that the entity engaged in excessive billing for its services, undertook unnecessary or duplicative steps, or incurred unnecessary, duplicative or wasteful costs, pertaining to the Site; and for all such entities, specify the documents that relate to Goodyear's action, and the amount of response costs involved.*

**Response:** Plaintiff objects to this interrogatory to the extent it exceeds the 25 interrogatory limit

with various subparts as allowed under FED. R. CIV. P. 33.

**_INTERROGATORY NO. 27:_** *Please identify all fact witnesses Goodyear intends to call at trial to support its claims against OSCO.*

**Response:** Plaintiff objects to this interrogatory because it purports to require Goodyear to

provide a witness list before any requirement to do so by the Court pursuant to a case

management order.  Plaintiff further objects to this interrogatory to the extent it exceeds the 25

interrogatory limit with various subparts as allowed under FED. R. CIV. P. 33.

## VERIFICATION

State of Ohio )
)
County of Summit )

I, Daniel T. Young, solemnly affirm under penalties of perjury that I am Secretary of The Goodyear Tire & Rubber Company and I verify the interrogatory answers contained in the foregoing Plaintiff The Goodyear Tire & Rubber Company's Responses to Defendant OSCO Industries, Inc.'s First Set of Discovery Requests; that the matters stated therein are not within my personal knowledge; that the facts therein have been assembled by authorized employees and counsel of The Goodyear Tire & Rubber Company, and I am informed that the facts stated therein are true.

Executed on September 7, 2022, at Akron, Ohio.

_____
Daniel T. Young
Secretary and Associate General Counsel

Sworn to or affirmed and subscribed:

_____
Notary Public in and for the State of Ohio
My Commission expires: March 13, 2024

STACEY L. LIKE
Notary Public, State of Ohio
My Commission Expires
March 13, 20__

## RESPONSES TO DOCUMENT REQUESTS

**DOCUMENT REQUEST NO. 1:** *Please produce all written statements addressing, in whole or in part, the alleged disposal of wastes by OSCO, or disposed of on OSCO's behalf, at the Jackson County Landfill Site.*

**<u>Response:</u>** Plaintiff objects to this request to the extent it seeks documents or information

protected from disclosure by the attorney client privilege and/or work product doctrines, or any

other applicable privilege or protection. Plaintiff further objects to this request to the extent it

seeks documents that are solely in OSCO's possession and/or equally available to all parties,

including OSCO. To the extent any documents about waste generated by the Plaintiff are

disposed of at the Site are in possession of the EPA or Ohio EPA, they are public documents that

are equally available to all parties, including OSCO. Plaintiff further objects to this request to the

extent it seeks discovery on subject matters that may be subject to expert testimony.

Subject to and without waiving foregoing objections, Plaintiff responds as follows:

Plaintiff has produced all responsive documents as part of its Rule 26 Initial Disclosures and/or

Supplemental Disclosures.

**DOCUMENT REQUEST NO. 2:** *Please produce all documents that Goodyear intends to introduce at trial to support its claims against OSCO.*

**<u>Response:</u>** Plaintiff objects to this request to the extent it seeks information protected by the

attorney client privilege and/or work product doctrines or is otherwise confidential. Plaintiff

further objects to this request to the extent it seeks information and documents already produced

by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO.

Plaintiff further objects to this request to the extent it is premature and inconsistent with the case

management schedule in this case.

Subject to and without waiving the foregoing objection, Plaintiff responds as follows:

Plaintiff has produced all documents responsive to this request as part of its Rule 26 Initial

Disclosures or Supplemental Disclosures, as well as in the production of public records received from Ohio EPA. To the extent Goodyear locates additional responsive documents, it will supplement its production as appropriate.

**DOCUMENT REQUEST NO. 3:** *If Goodyear's response to Request for Admission No. 1 is a denial, please produce all documents discussing, in whole or in part, the reasons why Ohio EPA did not demand or request that other generators of wastes disposed of at the Jackson County Landfill Site sign onto, or otherwise agree to undertake or fund, administrative orders issued by Ohio EPA addressing response activities at the Site.*

<u>Response:</u> Plaintiff refers OSCO to its response and objections to Request for Admission No. 1 and to the documents referenced therein.

**DOCUMENT REQUEST NO. 4:** *If Goodyear's response to Request for Admission No. 2 is a denial, please produce all documents discussing, in whole or in part, the reasons by Ohio EPA selected a geomembrane cap as part of the Agency's remedy for the Jackson County Landfill Site.*

<u>Response:</u> Plaintiff refers OSCO to its response and objections to Request for Admission No. 2 and to the documents referenced therein.

**DOCUMENT REQUEST NO. 5:** *Please produce all settlements Goodyear has entered into relating in any way to response costs Goodyear incurred, or will in the future incur, at the Jackson County Landfill Site.*

<u>Response:</u> Plaintiff objects to this request as overbroad, unduly burdensome, and disproportionate to the needs of the case in that it seeks information that is not relevant to the any claims or defenses in this litigation nor reasonably limited in time or scope. Plaintiff specifically objects to this request to the extent it seeks information related to confidential settlements and confidential settlement discussions, which are not relevant to the Court's determination of the equitable shares attributable to each party in this case. Absent a Court Order, Plaintiff cannot disclose the confidential settlement terms of its settlements with certain parties without breaching the settlement agreements with such parties. Moreover, cases in the Sixth Circuit follow the majority rule and apply the Uniform Comparative Fault Act ("UCFA") approach to this type of

CERCLA contribution case, as opposed to the Uniform Contribution Among Tortfeasors Act ("UCATA") approach, which is the minority view. Under the UCFA approach, OSCO's equitable share of Plaintiff's recoverable response costs is reduced by the equitable shares the Court assigns to settling parties at trial, not the amount any such settling parties paid in settlement. As such, the actual amount of the settlement paid by any such settling parties is not relevant to such settling parties' respective equitable shares to be determined by the Court since OSCO will not receive a dollar-for-dollar credit for such settlement (which is the "pro tanto" approach afforded by the minority-view UCATA approach).

**DOCUMENT REQUEST NO. 6:** *If Goodyear's response to Request for Admission No. 7 is a denial, please produce all documents that support, in whole or in part, Goodyear's denial.*

**Response:** Plaintiff refers OSCO to its response and objections to Request for Admission No. 7 and to the documents referenced therein.

**DOCUMENT REQUEST NO. 7:** *If Goodyear's response to Request for Admission No. 11 is a denial, please produce all documents that refer to, contain, or discuss, in whole or in part, the facts, the absence of facts, and/or law which precluded Goodyear from filing the CERCLA contribution complaint that is referred to in Request for Admission No. 11*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Plaintiff refers OSCO to its response and objections to Request for Admission No. 11 and to the documents referenced therein.

**DOCUMENT REQUEST NO. 8:** *If Goodyear's response to Request for Admission No. 16 is a denial, please produce all documents demonstrating that all of the elements, chemicals, chemical compounds, and other substances, contained in Ohio EPA's list of constituents of concern were a motivating or driving force behind Ohio EPA's selection of the remedy for the Jackson County Landfill Site.*

**Response:** Plaintiff refers OSCO to its response and objections to Request for Admission No. 16 and to the documents referenced therein.

***DOCUMENT REQUEST NO. 9****: If Goodyear's response to Request for Admission No. 17 is a denial, in whole or in part, please produce the documents that demonstrate that Ohio EPA invited or demanded that a defendant in this action sign onto, or otherwise fund or contribute to, administrative orders issued by Ohio EPA for response activities at the Jackson County Landfill Site.*

**Response:** Plaintiff refers OSCO to its response and objections to Request for Admission No.

17.

***DOCUMENT REQUEST NO. 10:*** *If Goodyear's response to Request for Admission No. 18 is anything other than an unqualified admission, please produce all documents that were produced by OSCO to Goodyear for which Goodyear refuses to admit the authenticity thereof.*

**Response:** Plaintiff refers OSCO to its response and objections to Request for Admission No.

18.

***DOCUMENT REQUEST NO. 11:*** *Please produce all documents obtained by Goodyear from any hauler that discuss, relate to, address, or refer to, in whole or in part, the alleged disposal of wastes generated by OSCO at the Jackson County Landfill Site.*

**Response:** Plaintiff objects to this request to the extent it seeks information from the documents that are in OSCO's possession and/or equally available to all parties, including OSCO. To the extent any documents about waste generated by the Plaintiff are disposed of at the Site are in possession of the EPA or Ohio EPA, they are public documents that are equally available to all parties, including OSCO.

Subject to and without waiving foregoing objections, Plaintiff refers OSCO to its Initial and Supplemental Disclosures, and Exhibits A and B to the same, produced by Plaintiff to all defendants, including OSCO. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this request. Plaintiff particularly refers OSCO to Plaintiff's Motion for Partial Summary Judgment and documents cited and attached thereto,

28

including the Fields Deposition, all of which were also produced with Plaintiff's Initial and Supplemental Disclosures and indexed in detail in Exhibit A thereto.

***DOCUMENT REQUEST NO. 12:*** *Please produce all documents identified by Goodyear in its response to Interrogatory No. 4 that have not already been produced to OSCO in Goodyear's initial or supplemental Rule 26 disclosures.*

**Response:** Plaintiff has already produced all responsive documents.

***DOCUMENT REQUEST NO. 13****: If Goodyear placed a litigation hold on documents and correspondence relating to the Jackson County Landfill Site, please produce a copy of the document that Goodyear issued to place the litigation hold. If Goodyear's response to Interrogatory No. 5 is no, please produce all documents that discuss whether to place such litigation hold.*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection.

***DOCUMENT REQUEST NO. 14:*** *Please produce all documents referring to or discussing, in whole or in part, any uncontainerized waste that Goodyear disposed of, or was disposed of on its behalf, at the Jackson County Landfill Site.*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection.

Subject to and without waiving foregoing objections, Plaintiff incorporates as if fully stated herein its response to Interrogatory Nos. 12 and 13 and refers OSCO to the documents referenced therein.

***DOCUMENT REQUEST NO. 15:*** *Please produce all documents referring to or discussing, in whole or in part, any containerized waste that Goodyear disposed of, or was disposed of on its behalf, at the Jackson County Landfill Site.*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection.

Subject to and without waiving foregoing objections, Plaintiff incorporates as if fully stated herein its response to Interrogatory Nos. 12 and 13 and refers OSCO to the documents referenced therein.

**DOCUMENT REQUEST NO. 16:** *Please produce all documents that specify the response costs allegedly incurred by Goodyear to move spent foundry sand from a staging area adjoining the Jackson County Landfill Site into the main area of waste disposal at the Site, for purposes of consolidation under the geomembrane cap to be installed at the Site.*

<u>Response:</u> Plaintiff objects to this request to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO.

Subject to and without waiving the foregoing objection, Plaintiff refers OSCO to its Initial and Supplemental Disclosures, and Exhibits A and B to same. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this request.

**DOCUMENT REQUEST NO. 17:** *If Goodyear contends that the activity referred to in Request for Document Production No. 16 caused the geomembrane cap installed over the Site to be larger and more expensive as a result of that activity, please produce all documents that support Goodyear's contention.*

<u>Response:</u> Plaintiff incorporates its response to Document Request No 16 as if fully stated herein. Plaintiff further responds that moving of foundry sand did not cause the Site to be larger or meaningfully increase the costs to install the geomembrane cap.

**DOCUMENT REQUEST NO. 18:** *Please produce all documents that are responsive to Interrogatory No. 26.*

<u>Response:</u> Interrogatory No. 26 exceeds the number of interrogatories allowed under Fed. R. Civ. P. 33.

**DOCUMENT REQUEST NO. 19:** *Please produce all documents and correspondence exchanged by or submitted between Goodyear and any local Ohio government, including, but not limited to, the Village of Oak Hill, Ohio, the City of Jackson, Ohio, or the City of*

*Portsmouth, Ohio, relating in any way to the treatment of leachate collected at the Site by a wastewater treatment plant owned or operated by such local government.*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information from documents that are equally available to all parties, including OSCO. To the extent any documents or correspondence have been exchanged with public entities that are not in Goodyear's possession, they are public documents that are equally available to all parties, including OSCO. Plaintiff further objects to this request to the extent it seeks information related to confidential settlement discussions.

**DOCUMENT REQUEST NO. 20:** *Please produce all correspondence between Goodyear and the Jackson County Health Department that relates in any way to the Jackson County Landfill Site.*

**Response:** Plaintiff objects to this request to the extent it seeks information from documents that are equally available to all parties, including OSCO. To the extent any documents or correspondence have been exchanged with public entities that are not in Goodyear's possession, they are public documents that are equally available to all parties, including OSCO.

Subject to and without waiving the foregoing objections, Plaintiff is not aware of any information responsive to this interrogatory. Plaintiff additionally responds that to the extent any information responsive to this request has been produced with Plaintiff's Initial and/or Supplemental Disclosures, Plaintiff's Initial and Supplemental Disclosures contain detailed indices (Exhibits A and B to same) of all documents produced by Plaintiff to all defendants, including OSCO. Such indices have sufficient detail to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this request.

**DOCUMENT REQUEST NO. 21:** *Please produce all documents prepared by the Goodyear Jackson, OH plant that constitute, discuss, address, or otherwise relate to, in whole or in part, an inventory, survey, list or tabulation of wastes generated at the plant.*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information and documents already produced by Plaintiff in its Initial and Supplemental Disclosures to all defendants, including OSCO. Plaintiff further objects to this request as unreasonably vague, overbroad, and unduly burdensome.

Subject to and without waiving the foregoing objections, Plaintiff refers OSCO to Plaintiff's Initial and Supplemental Disclosures and Exhibits A and B to the same. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this interrogatory.

**DOCUMENT REQUEST NO. 22:** *Please produce all documents Goodyear submitted to or received from, as well as correspondence Goodyear sent to or received from, any owner or operator of the Jackson County Landfill Site pertaining to waste disposal.*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the joint defense doctrine or any other applicable privilege or protection. Plaintiff further objects to this request to the extent it seeks information from the documents that are equally available to all parties, including OSCO.

Subject to and without waiving foregoing objections, Plaintiff refers OSCO to its Initial and Supplemental Disclosures, and Exhibits A and B to the same, produced by Plaintiff to all defendants, including OSCO. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this request.

**DOCUMENT REQUEST NO. 23:** *Please produce all documents Goodyear submitted to or received from, as well as correspondence Goodyear sent to or received from, any hauler of wastes disposed of at the Jackson County Landfill Site.*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the joint defense doctrine or any other applicable privilege or protection. Plaintiff objects to this request to the extent it seeks information from the documents that are equally available to all parties, including OSCO.

Subject to and without waiving foregoing objections, Plaintiff refers OSCO to its Initial and Supplemental Disclosures, and Exhibits A and B to the same, produced by Plaintiff to all defendants, including OSCO. Exhibits A and B to Plaintiff's Initial and Supplemental Disclosures are sufficiently detailed to enable OSCO to determine which documents produced by Plaintiff contain information responsive to this request.

## REQUESTS FOR ADMISSION

1.      *Please admit that Ohio EPA informed Goodyear that Ohio EPA did not request or demand that other generators of wastes disposed of at the Jackson County Landfill Site sign onto, or otherwise agree to undertake or fund, administrative orders issued by Ohio EPA addressing response activities at the Jackson County Landfill Site because (a) Goodyear admitted disposing of at least an estimated 5,700 drums of chemical-containing wastes at the Site, and (b) Ohio EPA had no information indicating that other generators disposed of wastes of the same or similar nature as that of Goodyear at the Site.*

**Response:** Plaintiff objects to this request to the extent it purports to require Plaintiff to speculate about the state of mind of individuals at Ohio EPA. Plaintiff further objects to this request because it is impermissibly compound.  Finally, Plaintiff objects to this request to the extent it seeks information that it not relevant to any claim or defense in this litigation.

Subject to and without waiving the foregoing objections, denied. The February 2009 RI Report, Bates Nos. GY0016397–494, indicates that in August 1984, Ohio EPA's Preliminary Assessment noted "a second generator [other than Goodyear] reported large quantities of petroleum waste products" and included a recommendation for the Field Investigation Team to assist in "obtaining information on other generators." Said Preliminary Assessment Review is available at GY0000080–85.

2.      *Please admit that Ohio EPA selected a geomembrane cap as part of the Agency's remedy for the Jackson County Landfill Site because of information in Ohio EPA's possession indicating that drums disposed of by Goodyear at the Site were crushed and their contents spread across the Site.*

**Response:** Plaintiff objects to this request to the extent it purports to require Plaintiff to speculate about the state of mind of individuals at Ohio EPA or to interpret documents prepared by or for Ohio EPA and in the administrative record. Plaintiff further objects to this request because it is impermissibly compound, as well as vague and ambiguous.

Subject to and without waiving the foregoing objections, denied. Although Ohio EPA's decision documents and the rest of the relevant administrative records speak for themselves,

34

Plaintiff had not identified any reference to Goodyear's drums being crushed in those documents. The relevant decision documents show that, based on the RI/FS work that had been done, Ohio EPA selected a geomembrane cap because it was an appropriate management tool to address the nature and scope of contamination at the Site. *See*, *e.g.*, the RD/RA DFFOs and May 2010 Feasibility Study, Bates Nos. GY0016495–720.

3.    *Please admit that under rules codified in Ohio Administrative Code Chapter 3747, pertaining to the closure of solid waste landfills in Ohio, the legal obligation for proper closure and post-closure monitoring of solid waste landfills, including, but not limited to, installation of a final cap, a methane gas collection or venting system, and a leachate collection and/or disposal system, fall upon owners and/or operators of the landfill, not upon generators of solid wastes disposed of at the landfill.  For purposes of this Request for Admission, the term "solid waste" refers to the definition thereof under Ohio Revised Code § 3734.01(E), and does not include wastes that meet the definition of a "hazardous waste" under Ohio Revised Code § 3734.01(F).*

**Response:** Plaintiff objects to this request because it is impermissibly compound. Plaintiff also objects to this request to the extent it purports to require an admission as to the truth of a legal conclusion, which is improper. Finally, Plaintiffs objects to this request to the extent that it seeks information that it not relevant to any claims or defenses in this litigation.

Subject to and without waiving the foregoing objections, denied. Ohio Administrative Code Chapter 3747 relates to Low-Level Radioactive Waste Facility Development Authority, not to landfills. Ohio Revised Code § 3734.01(F) defines "disposal" and not "hazardous waste." Plaintiff admits that the term "solid waste" under Ohio Revised Code § 3734.01(E) is defined to include fly ash, scrap tires, coal ash, slag, and numerous other items, such as the foundry sand and plant waste disposed by OSCO, which contain "hazardous substances" as defined by CERCLA Section 101(14), 42 U.S.C. § 9601(14), regardless whether they are "hazardous waste" due to quantity, concentration, or physical or chemical characteristics as defined in Ohio Revised Code § 3734.01(J).

4.      *Please admit that Goodyear has not filed a CERCLA contribution complaint for response costs it allegedly incurred at the Jackson County Landfill Site against any resident of Jackson County, the City of Jackson, Ohio, the Village of Oak Hill, Ohio, or any other local government located within 100 miles of the Site, who/that Goodyear knows or believes disposed of wastes at the Site.*

**Response:** Plaintiff objects to this request because it impermissibly compound and seeks information that is not relevant to any claims or defenses in this litigation.

Subject to and without waiving the forgoing objections, Plaintiff admits that it has not filed a CERCLA contribution complaint against any parties other than defendants in this case, including OSCO.

5.      *Please admit that spent foundry sand allegedly sent from OSCO to the Jackson County Landfill Site was stored or staged for at least some period of time in a separate area adjoining the Site, and then, at least to some degree, was used by operators of the Site as daily cover material.*

**Response:** Plaintiff objects to this request because it is impermissibly compound, as well as vague and ambiguous, and contains embedded assumptions such that it cannot be answered with a simple admit or deny without explanation. Plaintiff further objects to this request as seeking information that is not relevant to any claims or defenses in this case. Plaintiff further objects to this request to the extent it purports to require Plaintiff to respond based on the interpretation of documents produced by and/or solely in the possession of OSCO or operators of the Jackson County Landfill. Such a request is overbroad, unduly burdensome, and not proportional to the needs of the case, to the extent it would require Plaintiff to search for, review, and then draw conclusions based on OSCO or non-party documents not even identified by OSCO in its request. Finally, Plaintiff objects to this request to the extent it seeks legal conclusions relating to whether OSCO's foundry sand was "used" or "disposed" of at the Jackson County Landfill.

Subject to and without waiving the foregoing objections, Plaintiff admits that foundry sand containing hazardous substances was sent by OSCO to the Jackson County Landfill for disposal. Except as otherwise admitted, denied.

6.    *Please admit that Goodyear submitted comments to Ohio EPA requesting that the Agency add language to its decision document indicating that spent foundry sand allegedly sent to the Site from OSCO was staged at/near the Site and used as daily cover material.*

**Response:** Plaintiff objects to this request to the extent it seeks information that is protected by the attorney-client privilege, work protect doctrine, or any other applicable privileges or protections. Plaintiff also objects to this request as seeking information that is not relevant to any claims or defenses in this case. Plaintiff further objects to this request to the extent it purports to distinguish the use of foundry sand as daily cover from OSCO's generation of foundry sand as a waste.

Subject to and without waiving any of the aforementioned objections, Plaintiff admits that it submitted comments to Ohio EPA including a suggested revision of the waste disposal history to include a statement that spent foundry sand sent by OSCO to the Site was staged at or near the Site and used as daily cover material.

7.    *Please admit that Goodyear has no documents, written statements, depositions, affidavits, or any other form of oral or written evidence, indicating that wastes allegedly disposed of by OSCO at the Jackson County Landfill Site contained CERCLA-listed hazardous substances of such toxicity or concentration that the release, or actual or potential threat of release, thereof presented an actual or potential risk to human health or the environment at the Site.*

**Response:** Plaintiff objects to this request as impermissibly compound, vague and ambiguous, and seeking information that is properly the subject of expert testimony. Plaintiff further objects to this request to the extent it mischaracterizes CERCLA as requiring any degree of toxicity or concentration of hazardous substances from a generator to impose liability on that generator under Section 107(a)(3), 42 U.S.C. § 9607(a)(3), or requires causation between a particular generator's hazardous substances and the release from the Site.

Subject to and without waiving the foregoing objections, denied.

8. *Please admit that OSCO responded to an Information Request from Ohio EPA pertaining to the Jackson County Landfill Site, and in the response thereto OSCO provided analytical testing results for wastes allegedly sent to the Site.*

**Response:** Plaintiffs objects to this request as impermissibly compound. Plaintiff further objects to this request to the extent it purports to require Plaintiff to interpret documents prepared by OSCO, the contents of which presumably speak for themselves.

Subject to and without waiving the foregoing objections, Plaintiff admits that OSCO responded to an Ohio EPA Information Request pertaining to the Site by letter dated August 28, 2012, File Name OSCO-00007-00383 (cover letter not Bates-labeled) which included a February 12, 1990 Disposal Request – Waste Report that identified the following hazardous substances likely to exceed the drinking water standards in a leachate extraction procedure: arsenic, barium, cadmium, chromium, lead, mercury, selenium, silver and phenols, nearly all of which are contaminants of concern at the Site. *See, e.g., id*. File Name OSCO-00007-00383 at GY0013828–30; see also E.P. Toxicity Extraction results from Burgess & Niple, Limited identifying numerous hazardous substances in various of OSCO's waste products. *Id*. at GY0013831–42. Except as otherwise admitted, Plaintiff denies the remaining allegations contained in this Request.

9. *Please admit that analytical testing results for wastes allegedly sent by OSCO to the Site included results indicating that the wastes met Ohio EPA's testing criteria for spent non-toxic foundry sand and/or slag under Ohio Revised Code § 3734.01.*

**Response:** Plaintiff objects to this request as irrelevant because there is no contaminant threshold for liability for disposal of hazardous substances under CERCLA. Plaintiff further objects to this request to the extent it seeks an admission regarding a legal conclusion and/or prematurely seeks expert testimony interpreting "analytical testing results" prepared by OSCO. Plaintiff further objects to this request as unreasonably vague, overbroad, and unduly burdensome, as there are

38

hundreds of pages of analytical reports included with OSCO's August 28, 2012, response to Ohio EPA's Information Request, many of them relating to foundries at other locations spanning many years. Plaintiff further objects to this request as vague and irrelevant because whether testing standards were met is a different question from whether contaminant thresholds or drinking water standards were met.  Finally, Plaintiff objects to this request to the extent it purports to require Goodyear to interpret and admit the contents of OSCO's own response to Ohio EPA's information request, the language of which speaks for itself.

10.     *Please admit that spent foundry sand from OSCO's foundries has been approved by Ohio EPA for use as an alternative daily cover material at solid waste landfills.*

**Response:** Plaintiff objects to this request as seeking information that is not relevant to any claims or defenses in this case.

Subject to and without waiving the foregoing objections, after a reasonable inquiry, Plaintiff is without sufficient information as to whether OSCO's foundry sand has been approved for use as daily cover material and thereby is unable to admit or deny such.

11.     *Please admit that no fact (or absence of fact) or law precluded Goodyear from filing a CERCLA contribution complaint against OSCO for response costs incurred, or to be incurred, pertaining to the Jackson County Landfill Site when Goodyear signed an administrative order in 2005 to undertake a remedial investigation/feasibility study for the Site.*

**Response:** Plaintiff objects to this request to the extent it seeks information protected by the attorney client privilege and/or work product doctrines or any other applicable privilege or protection. Plaintiff further objects to this request to the extent it calls for a legal conclusion. Plaintiff further objects to this request as irrelevant because Plaintiff is not seeking recovery of or contribution from OSCO or any other defendant for response costs incurred subject to the 2005 administrative order. Rather, Plaintiff seeks response costs related to the December 19, 2016 RD/RA DFFOs. As demonstrated in Plaintiff's Initial and Supplemental Disclosures and Exhibit

B thereto, the earliest invoice for which Plaintiff makes a claim is a January 31, 2015 invoice, Bates No. GY60000004–05.

12.     *Please admit that if Goodyear had filed the complaint referred to in Request for Admission No. 11 Goodyear could have obtained in such action a declaratory judgment for future response costs associated with the Site, as set forth in Section 113(g)(2) of CERCLA, U.S.C. § 9613(g)(2).*

**Response:** Plaintiff objects to this request to the extent it calls for a legal conclusion. Plaintiff further objects to this request as speculative and unlikely to lead to the discovery of relevant information.

13.     *Please admit that Goodyear disposed of more wastes at the Jackson County Landfill Site than the estimate of drummed wastes identified in Goodyear's response to Ohio EPA's Information Request sent to Goodyear pertaining to the Site.*

**Response:** Denied. Plaintiff's Information Request Response is the best-known information about waste Goodyear sent to the Site during the relevant periods.

14.     *Please admit that a volumetric allocation among the defendants of response costs allegedly incurred by Goodyear at the Jackson County Landfill Site would not take into account the toxicity (or lack thereof) of wastes allegedly disposed of by Goodyear and the defendants at the Site.*

**Response:** Plaintiff objects to this request to the extent it calls for a legal conclusion. Plaintiff further objects to this request to the extent it seeks discovery on subject matters that may be subject to expert testimony or is protected by the attorney-client privilege, work protect doctrine, or any other applicable privileges or protections. Plaintiff also objects to this request to the extent it is premature and inconsistent with the case management schedule in this case.

Subject to and without waiving the foregoing objections, denied.

15.     *Please admit that the list of constituents of concern identified by Ohio EPA in its decision document includes all elements, chemicals, chemical compounds, and substances found by Ohio in soil, groundwater, or surface seeps at the Site, or otherwise known by Ohio EPA to have been disposed of at the Site.*

**<u>Response:</u>** Plaintiff objects this request to the extent it seeks information or required Goodyear to speculate about Ohio EPA's state of mind, knowledge, or decision-making process.  Plaintiff further objects to this request as impermissibly compound.

Subject to and without waiving the foregoing objections, denied.

16.     *Please admit that Ohio EPA's list of constituents of concern contains elements, chemicals, chemical compounds and other substances that were not a motivating or driving force behind Ohio EPA's selection of the remedy for the Jackson County Landfill Site.*

**<u>Response:</u>** Plaintiff objects to the usage of the terms "motivating or driving force" in this request as unreasonably vague and ambiguous. Plaintiff further objects to this request to the extent it purports to require Plaintiff to speculate about Ohio EPA's state of mind, knowledge, or decision-making process. Finally, Plaintiff objects to this request to the extent it purports to require Plaintiff to interpret Ohio EPA documents, which documents speak for themselves.

Subject to and without waiving the foregoing objections, admitted that Ohio EPA selected a remedy for the Site based on a number of factors, as detailed in Ohio EPA's Decision Document, which Plaintiff produced to all defendants, including OSCO, with its Initial Disclosures and indexed in Exhibit A thereto. Plaintiff denies the remaining allegations contained in this Request.

17.     *Please admit that to Goodyear's best knowledge, information and belief Ohio EPA never invited or demanded that any defendant in this action sign onto, or otherwise fund or contribute to, administrative orders signed by Goodyear for response activities relating to the Jackson County Landfill Site.*

**<u>Response:</u>** Plaintiff objects to this request to the extent it seeks information that is not relevant to any claims or defenses in this litigation.

Subject to and without waiving the foregoing objections, after a reasonable inquiry, Plaintiff is without sufficient knowledge or information as to the efforts undertaken by Ohio EPA

to invite or otherwise demand any defendant to this action sign onto, or otherwise contribute to, administrative orders signed by Goodyear relating to the Site, and thereby denies the same.

18.     *Please admit the authenticity of the documents produced by OSCO to Goodyear in response to Goodyear's First and Second Sets of Discovery Requests submitted to OSCO, which are bates-labeled with the sequences CDO-00001 to CDO-00984, JCHD-00001 to JCHD-00198, and OSCO-00001 to OSCO-00862.*

**Response:** Plaintiff objects to this request as overbroad, unduly burdensome, and not proportional to the needs of the case. Plaintiff further objects to this request as harassing to the extent it seeks an admission of authenticity for each and every document produced in the case by OSCO without regard to whether OSCO intends to use such documents at trial. Plaintiff is willing to discuss authenticity issues and entering into a mutually-acceptable stipulation process with OSCO at an appropriate time.

Dated: September 7, 2022              Respectfully submitted,

                                     */s/ Jeffrey D. Talbert*
                                     Jeffrey D. Talbert (admitted *pro hac vice*),
                                     Trial Attorney
                                     James W. Beers, Jr., Esq. (admitted *pro hac vice*)
                                     PRETI, FLAHERTY, BELIVEAU &
                                     PACHIOS, LLP
                                     One City Center
                                     P.O. Box 9546
                                     Portland, ME 04112-9546
                                     207-791-3000
                                     jtalbert@preti.com
                                     jbeers@preti.com

                                     Rachel D. Guthrie, Esq. (admitted *pro hac vice*)
                                     Matthew T. Merryman, Esq. (admitted *pro hac vice*)
                                     THE MERRYMAN GUTHRIE LAW FIRM LLC
                                     4100 Terrace St.
                                     Kansas City, MO  64111-4157
                                     Telephone (816) 608-2640
                                     Facsimile: (816) 683-1743
                                     rguthrie@merrymanguthrielaw.com
                                     mmerryman@merrymanguthrielaw.com

ATTORNEYS FOR PLAINTIFF THE
GOODYEAR TIRE & RUBBER COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 7, 2022, a copy of the foregoing Plaintiff's Responses to Defendant OSCO Industries, Inc.'s First Set of Discovery Requests were sent via electronic transmission, to the following counsel of record for Defendant OSCO Industries, Inc.:

*/s/ Jeffrey D. Talbert*

William D. Hayes, Esq.
Stephen N. Haughey, Esq.
Frost Brown Todd LLC
301 E. 4th St.
Suite 3300
Cincinnati, OH 45202
whayes@fbtlaw.com
shaughey@fbtlaw.com

*Attorneys for Defendant OSCO Industries, Inc.*