# Exhibit D

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

THE GOODYEAR TIRE & RUBBER
COMPANY,

      Plaintiff,

      v.

CONAGRA FOODS, INC., *et. al.*,

      Defendants.

:
:
:
:
:
:
:
:
:
:
:

Case No. 2:20-CV-6347

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

**Revised Joint Rule 30(b)(6) Deposition
Notice *Duces Tecum* of Defendants
OSCO Industries, Inc., R.J.
Reynolds Company, and Masco
Corporation to Goodyear Tire &
Rubber Company**

_____

Please take notice that, pursuant to Civil Rule 30(b)(6), OSCO Industries, Inc., R.J. Reynolds Company, and Masco Corporation ("Defendants") will jointly take the deposition of Jeffery Sussman, Manager of Global Remediation for Goodyear Tire & Rubber Company ("Goodyear"), as corporate designee on June 14, 2023, beginning at 10 am at the offices of Thompson Hine LLP, 41 S. High Street, Suite 1700, Columbus, OH 43215, before an officer authorized to (1) administer oaths under the laws of the State of Ohio and (2) transcribe testimony, and continuing from day to day until completed.  The deposition will be taken as if on cross-examination.  Defendants request that Goodyear's corporate designee give testimony on the following subjects relating to issues in dispute in the above-captioned proceeding:

1.      The generation, handling, storage, analysis, transportation or disposal of wastes generated at Goodyear's former Jackson, Ohio plant anytime from 1966 through the end of 1987.

2.      The manufacturing processes at Goodyear's former Jackson, Ohio plant anytime from 1966 through the end of 1987.

3.      The products manufactured at Goodyear's former Jackson, Ohio plant anytime from 1966 through the end of 1987.

4.     The employees who worked at Goodyear's former Jackson, Ohio plant anytime from 1966 through the end of 1987 who were involved in any way in the generation, handling, storage, analysis, transportation, or disposal of wastes; what those employees' responsibilities were during this time period; whether any of these employees are still alive and, if so, where they currently reside; and for those employees still alive, whether Goodyear's corporate designee talked with them to prepare to give the testimony required in this notice.

5.     Implementation of Ohio EPA's remedy for the Jackson County Landfill, including (a) hiring, managing, overseeing, and paying contractors and consultants used by Goodyear to implement the remedy; (b) keeping track of all costs incurred to implement the remedy; and (c) estimating additional costs to complete the remedial work and perform operation and maintenance of the remedy.

6.     If records relating to the generation, handling, storage, analysis, transportation, or disposal of wastes generated at Goodyear's former Jackson, Ohio plant anytime from 1966 through the end of 1987 were transferred to a new owner of the plant in 1997 or thereafter, the circumstances relating to that transfer, including, but not limited to, when it occurred, whether Goodyear retained a copy of any of these records, and whether any of these records have, since the transfer, been lost or destroyed.

7.     Goodyear's decision not to file a contribution claim under CERCLA against the Defendants sooner than the date that Goodyear filed its contribution claim in this proceeding, but not including any privileged communications with legal counsel.

8.      Goodyear's initial and supplemental disclosures, and its responses, including verifications, to written discovery requests served by Defendants in the fact discovery phase of this proceeding.

In addition, pursuant to the scope of questioning permitted of a corporate designee under Rule 30(b)(6),[1] and based on Mr. Sussman's title and involvement with the investigation and remediation of the Jackson County Landfill, Defendants will also present questions to Mr. Sussman based on his personal knowledge of the claims and defenses in this proceeding.

Defendants reserve the right to request additional fact discovery of Goodyear, including additional depositions or a supplemental designee deposition of Mr. Sussman, depending on the timing and outcome of the Court's rulings on OSCO's Motion to Compel Goodyear to Disclose Response Costs Recovered from Insurance Carriers and Parties Allegedly Responsible Under CERCLA for Costs Relating to the Jackson County Landfill (Doc. # 165), and OSCO's Motion to Compel Relating to Rule 30(b)(6) Deposition of Ohio EPA and Subsequent Rule 45(a)(1) Subpoena for Deposition *Duces Tecum* to Ohio EPA (Doc. # 184).

Pursuant to Civil Rules 30(b)(2) and 34, Defendants requests that Goodyear's corporate designee produce for inspection and copying at 9 am on the morning of the deposition the documents described in the Rule 34 Request for Documents *Duces Tecum* attached to this deposition notice, which documents are relevant to the above-listed subject areas.

You are invited to attend and examine the deponent(s).

Respectfully submitted,

*ss/Stephen N. Haughey*                        \*\*
Stephen N. Haughey (0010459) (Trial Counsel)

---

[1] *See e.g. Mitnor Corporation v. The Club Condominiums*, 339 F.R.D. 312 (N.D. Fl. 2021); *Rivas v. Greyhound Lines, Inc.*, 2015 WL 13710124 (W.D. Texas 2015); *Columbia Community Credit Union v. Chicago Title Insurance Company*, 2010 W.L. 11561789 (W.D. Wash. 2010).

William D. Hayes (0037240)
Lindsey A. Bryant (0100606)
**FROST BROWN TODD LLP**
301 E. Fourth Street, Suite 3300
Cincinnati, Ohio 45202
(513) 651-6800
shaughey@fbtlaw.com
whayes@fbtlaw.com
lbryant@fbtlaw.com
*Attorneys for Defendant OSCO Industries, Inc.*
*\*\*Designated by email from counsel of record for R.J. Reynolds Company and Masco Corporation to submit this revised joint notice on behalf of their clients*

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2023, a true copy of the foregoing and the attached Rule 34 Request for Documents *Duces Tecum* was served by email on counsel of record for Goodyear, with a copy served by email to counsel of record for the other Defendants.

*ss/Lindsey A. Bryant*

## RULE 34 REQUEST FOR DOCUMENTS *DUCES TECUM*

Goodyear's corporate designee is requested to bring to the deposition at the designated time and place the following documents:

1.    All records relating to the generation, handling, storage, analysis, transportation or disposal of wastes generated at Goodyear's former Jackson, Ohio plant, anytime from 1966 through the end of 1987, that have not been produced by Goodyear as part of its initial or supplemental disclosures under Civil Rule 26(a);

2.    All records relating to manufacturing processes at Goodyear's former Jackson, Ohio plant, anytime from 1966 through the end of 1987, that have not been produced by Goodyear as part of its initial or supplemental disclosures under Civil Rule 26(a);

3.    All records relating to products manufactured at Goodyear's former Jackson, Ohio plant, anytime from 1966 through the end of 1987, that have not been produced by Goodyear as part of its initial or supplemental disclosures under Civil Rule 26(a);

4.    All list(s) of employees and job titles or responsibilities working at Goodyear's former Jackson, Ohio plant anytime from 1966 through the end of 1987, to the extent such list(s) have not produced by Goodyear as part of its initial or supplemental disclosures under Civil Rule 26(a); and

5.    All records showing the last known address of all employees working at Goodyear's former Jackson, Ohio plant anytime from 1966 through the end of 1987, who were involved in any way in the generation, handling, storage, analysis, transportation or disposal of wastes generated at the plant, to the extent such records have not produced by Goodyear as part of its initial or supplemental disclosures under Civil Rule 26(a).

6.  All estimates or projections of costs incurred in implementing and operating and maintaining the remedy for the Jackson County Landfill, including any revisions to updates of such estimates or projections, to the extent such documents have not produced by Goodyear as part of its initial or supplemental disclosures under Civil Rule 26(a).

7.  All spreadsheets showing or tracking Goodyear's costs incurred to date to implement and operate and maintain the remedy for the Jackson County Landfill, to the extent such documents have not produced by Goodyear as part of its initial or supplemental disclosures under Civil Rule 26(a).

8.  All documents relating to any additional work performed by Goodyear at the Jackson County Landfill that is not identified in Ohio EPA's September 15, 2015, Decision Document for the remediation of the Jackson County Landfill, to the extent such documents have not produced by Goodyear as part of its initial or supplemental disclosures under Civil Rule 26(a).

0124938.0597034   4862-6977-4902v1