# EXHIBIT 1

## Haughey, Stephen N.

| | |
|---|---|
| **From:** | Johnson, Ethan F. <EJohnson@preti.com> |
| **Sent:** | Tuesday, March 12, 2024 9:41 AM |
| **To:** | Haughey, Stephen N.; Bryant, Lindsey A.; Roessler, Todd; Walulik, David W.; Gregory J. DeGulis; Berlin, Steve |
| **Cc:** | Thaler, Jeffrey A.; Osantowski, Kevin C.; Bill.Hubbard@ThompsonHine.com; DeLong, Scott A. |
| **Subject:** | Defendants' Rule 37.1 Request for Meet/Confer Conference |

Counsel,

Goodyear maintains its position that it has not entered into any settlement agreements with insurers or otherwise received any insurance recovery for the response costs it seeks to recover in this case. Accordingly, Goodyear will not be producing settlement agreements.

Best,

**Ethan F. Johnson**
Attorney
207.791.3230 Tel
ejohnson@preti.com
LinkedIn | Twitter | preti.com

**PretiFlaherty**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

---

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at ejohnson@preti.com or via telephone at 207.791.3000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

**Haughey, Stephen N.**

| | |
|---|---|
| **From:** | Haughey, Stephen N. |
| **Sent:** | Friday, March 8, 2024 3:32 PM |
| **To:** | Thaler, Jeffrey A.; Talbert, Jeffrey D.; Piper, Benjamin S.; Osantowski, Kevin C.; Bill.Hubbard@ThompsonHine.com |
| **Cc:** | Bryant, Lindsey A.; Roessler, Todd; Walulik, David W.; Gregory J. DeGulis; Berlin, Steve |
| **Subject:** | RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers |

Jeff *et al*:

Counsel for OSCO and Reynolds have discussed Goodyear's request. Given the exceptional circumstances identified in Jeff's email, and the absence of an impending deadline for the use of this information, Defendants agree to Goodyear's request for additional time with two conditions. The first is that Goodyear's response be emailed to defense counsel on or before 1 pm EST Tuesday. If the response is anything other than an agreement and proposed procedure for production of the settlements, defense counsel want to be able to contact the Magistrate Judge and her clerk before 5 pm that afternoon to request a Rule 37 conference. The second is that if Goodyear decides that it will not produce the settlements, Defendants ask that Goodyear extend Defendants the professional courtesy of telling defense counsel that decision asap, w/o wasting everyone's time waiting to see what arrives at 1 pm on Tuesday, so that we can move forward to resolve the dispute with the Court's assistance. Please let defense counsel know if there are any questions about these conditions. Thank you, Steve Haughey

**Stephen N. Haughey**

| Attorney at Law | | Frost Brown Todd LLP |
|---|---|
| 513.651.6127 | Direct |
| 859.322.9238 | Mobile |

shaughey@fbtlaw.com

---

**From:** Thaler, Jeffrey A. <JThaler@preti.com>
**Sent:** Friday, March 8, 2024 2:00 PM
**To:** Haughey, Stephen N. <SHaughey@fbtlaw.com>; Talbert, Jeffrey D. <JTalbert@preti.com>; Piper, Benjamin S. <BPiper@preti.com>; Osantowski, Kevin C. <KOsantowski@preti.com>; Bill.Hubbard@ThompsonHine.com
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Gregory J. DeGulis <gdegulis@mdllp.net>; Berlin, Steve <SBERLIN@ktslaw.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

Thank you…I know the feeling

Jeffrey A. Thaler
Of Counsel
**Preti**Flaherty

---

**From:** Haughey, Stephen N. <SHaughey@fbtlaw.com>
**Sent:** Friday, March 8, 2024 1:58 PM
**To:** Thaler, Jeffrey A. <JThaler@preti.com>; Talbert, Jeffrey D. <JTalbert@preti.com>; Piper, Benjamin S. <BPiper@preti.com>; Osantowski, Kevin C. <KOsantowski@preti.com>; Bill.Hubbard@ThompsonHine.com

1

**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Gregory J. DeGulis <gdegulis@mdllp.net>; Berlin, Steve <SBERLIN@ktslaw.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

<u>Note:</u> *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

---

Jeff, I have been in back to back calls and meetings all day, and getting ready to start another one at 2 pm. Defense counsel are discussing your request, and will respond back to all as a group as soon as we have the chance this afternoon to talk. Thank you, Steve Haughey

Stephen N. Haughey

| Attorney at Law \| | Frost Brown Todd LLP |
|---|---|
| 513.651.6127 | Direct |
| 859.322.9238 | Mobile |

shaughey@fbtlaw.com

---

**From:** Thaler, Jeffrey A. <JThaler@preti.com>
**Sent:** Friday, March 8, 2024 1:10 PM
**To:** Talbert, Jeffrey D. <JTalbert@preti.com>; Haughey, Stephen N. <SHaughey@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>; Osantowski, Kevin C. <KOsantowski@preti.com>; Bill.Hubbard@ThompsonHine.com
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Gregory J. DeGulis <gdegulis@mdllp.net>; Berlin, Steve <SBERLIN@ktslaw.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

Steve and Todd et al: I am going into a 4 hours session with the Maine PUC staff and other parties in an ongoing proceeding the rest of the afternoon; Jeff Talbert is leaving the firm, and Kevin Ostanowski—the senior associate from Preti on this case—his wife is having a baby Monday.

In order for us to rationally respond to your email and situation, I would ask the professional courtesy of giving us until 5pm Tuesday to respond to your points. Please advise, thank you.

Jeff Thaler

Jeffrey A. Thaler
Of Counsel
**Preti**Flaherty

---

**From:** Talbert, Jeffrey D. <JTalbert@preti.com>
**Sent:** Friday, March 8, 2024 12:02 PM
**To:** Haughey, Stephen N. <SHaughey@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>; Osantowski, Kevin C. <KOsantowski@preti.com>; Bill.Hubbard@ThompsonHine.com
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Thaler, Jeffrey A. <JThaler@preti.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Gregory J. DeGulis <gdegulis@mdllp.net>; Berlin, Steve <SBERLIN@ktslaw.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

All –

Jeff Thaler (cced) is now the lead on this matter for Goodyear. Please direct all future communications to him (I have withdrawn from the matter).

Thank you,

Jeff

**Jeffrey D. Talbert**
Chair, Environmental Practice Group
207.791.3239 Tel
207.233.3463 Cell
jtalbert@preti.com
Bio | LinkedIn | Twitter | preti.com

**PretiFlaherty**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

---

**From:** Haughey, Stephen N. <SHaughey@fbtlaw.com>
**Sent:** Friday, March 8, 2024 11:41 AM
**To:** Piper, Benjamin S. <BPiper@preti.com>; Talbert, Jeffrey D. <JTalbert@preti.com>; Osantowski, Kevin C. <KOsantowski@preti.com>; Bill.Hubbard@ThompsonHine.com
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Gregory J. DeGulis <gdegulis@mdllp.net>; Berlin, Steve <SBERLIN@ktslaw.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers
**Importance:** High

Note: *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

---

Dear Counsel:

Counsel for OSCO and Reynolds have reviewed Mr. Bordenkircher's declaration sent by email Tuesday morning. For several reasons it does not resolve the dispute between Defendants and Goodyear:

1. Mr. Bordenkircher's explanation of how he interpreted a discovery request asking for a copy of any settlements with insurance carriers for any JCL-related costs to just be a request for settlements covering the remediation costs for the site, thereby supporting a response stating that no relevant settlements exist, is unsatisfactory. The discovery request was clear and unambiguous. A response in compliance with applicable discovery rules would have led to production of a copy of the settlement(s), and further discovery to determine (a) the scope of response costs intended to be covered by the payment, and (b) the amount of the settlement applicable to the JCL. Goodyear's misrepresentation and concealment of this information, which dates back to the summer of 2021, has substantially prejudiced the Defendants' discovery of relevant information in this CERCLA contribution action, as well as their subsequent filing of dispositive motions.
2. The statement that the undisclosed payment received from unidentified carriers for the JCL covered only a preliminary estimate of RI/FS investigation costs for the JCL, and not future remediation costs, is contradicted by Goodyear's 10K filing with the SEC for 2004, as well as its subsequent 10Q filings with the SEC in 2005, which state that (a) its estimates of environmental pollution liability were based on estimates that included the costs of remediation, and (b) its settlements with carriers included a release of all claims for past, current and *future* costs at all sites, and, in many cases, a cancellation of the applicable policy, a scope of release that is flatly in contradiction with the assertion that Goodyear accepted such broad release for only a payment of just preliminary investigative costs.

3

3. Defendants are not required to accept Goodyear's assertions why unproduced settlements with unidentified carriers that included payments for the JCL are not relevant in this CERCLA contribution action. Goodyear must produce the settlements immediately. To the extent that legitimate grounds exist to assert a claim of confidentiality, the parties have an agreed protective order already filed in this case.

According the Goodyear's SEC filings, sometime in mid to late 2004 it obtained $159 million in a global settlement with multiple insurance carriers for pollution liability at multiple sites, including the JCL, and sometime in mid to late 2005 it obtained an additional roughly $60-$80 million more in settlements with Lloyds of London and other London-based excess coverage carriers for both asbestos and pollution liabilities, all of which recoveries were meant to cover past, present and *future* costs for all of the sites or claims involved.

If Goodyear does not agree immediately to produce these settlements, Defendants will contact Magistrate Judge Deavers to request a Rule 37 conference. Defendants reserve all rights to seek sanctions and other appropriate relief for the circumstances that have created this dispute. If Goodyear does not produce the settlements by 5 pm today, counsel for Defendants will request the Rule 37 conference without delay. Steve Haughey

Stephen N. Haughey

| Attorney at Law \| | Frost Brown Todd LLP |
|---|---|
| 513.651.6127 | Direct |
| 859.322.9238 | Mobile |
| shaughey@fbtlaw.com | |

---

**From:** Piper, Benjamin S. <BPiper@preti.com>
**Sent:** Tuesday, March 5, 2024 11:39 AM
**To:** Haughey, Stephen N. <SHaughey@fbtlaw.com>; Talbert, Jeffrey D. <JTalbert@preti.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Gregory J. DeGulis <gdegulis@mdllp.net>; Berlin, Steve <SBERLIN@ktslaw.com>; Osantowski, Kevin C. <KOsantowski@preti.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

Steve,

Here is the declaration Jeff referenced last week. Please let us know if you have any questions or wish to discuss this matter further.

Thank you.

Ben

**Benjamin S. Piper**
Partner
**PretiFlaherty**

**From:** Haughey, Stephen N. <SHaughey@fbtlaw.com>
**Sent:** Thursday, February 29, 2024 12:03 PM
**To:** Talbert, Jeffrey D. <JTalbert@preti.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>; Gregory J. DeGulis <gdegulis@mdllp.net>; Berlin, Steve <SBERLIN@ktslaw.com>; Osantowski, Kevin C. <KOsantowski@preti.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

<u>Note</u>: *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Jeff, thank you for the follow-up to yesterday's email. Under LR 37.1, Defendants have to take all reasonable efforts to resolve a dispute before contacting the Court. Thus, we agree to wait to see what the affidavit says, with two caveats. The first is that we need a firm date for its arrival. Defendants presented this issue to Goodyear more than three weeks ago. They believe it is reasonable to require the affidavit be sent no later than the end of the day on Monday, March 4.

The second is that if the JCL was included in the settlement between Goodyear and its carriers, which no one has asserted is not the case, the settlement is potentially relevant to this case, regardless in what form the payment was made or whether it was allocated between different sites. Having Goodyear assert in an affidavit why it believes otherwise based on its interpretation of a document Defendants have not seen is of little use to Defendants, who have their own right to see the document and assess its potential relevance for themselves. As we stated at the outset, any concern about confidentiality is protected under the parties' agreed confidentiality order, so the document can be produced under a claim of confidentiality. For that reason, Defendants are skeptical about the utility of Goodyear's affidavit, but agree that LR 37.1 requires that they take this additional step for contacting the Court.

With these two caveats, Defendants agree to wait until Monday to see what is in the affidavit. Thanks again, Steve Haughey

**Stephen N. Haughey**

| Attorney at Law \| | Frost Brown Todd LLP |
| --- | --- |
| 513.651.6127 | Direct |
| 859.322.9238 | Mobile |

shaughey@fbtlaw.com

---

**From:** Talbert, Jeffrey D. <JTalbert@preti.com>
**Sent:** Thursday, February 29, 2024 9:50 AM
**To:** Haughey, Stephen N. <SHaughey@fbtlaw.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>; Gregory J. DeGulis <gdegulis@mdllp.net>; Berlin, Steve <SBERLIN@ktslaw.com>; Osantowski, Kevin C. <KOsantowski@preti.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

Hi Steve,

We understand that this issue is somewhat confusing and you do not fully understand why any insurance recoveries Goodyear obtained are not relevant to the costs at issue in this case. To address your questions directly and without having to further burden the court, Goodyear has agreed to provide defendants with an affidavit/declaration that explains this issue.

As far as timing, responding to your request now has been difficult because: (1) the people at Goodyear that worked on the insurance case retired long ago; (2) the lawyers that worked on this discovery issue over two years ago are no longer with the law firm; and (3) the Goodyear contact that has the lead on this insurance issue and request is on assignment overseas.

All things considered, we remain committed to responding to your follow-up inquiry fully and accurately, but we need adequate time to do so. Therefore, we will send you an affidavit/declaration on this issue within the next few days. At that point, if you are still not satisfied we can discuss how best to proceed.

5

Regards,

Jeff

**Jeffrey D. Talbert**
Chair, Environmental Practice Group
207.791.3239 Tel
207.233.3463 Cell
jtalbert@preti.com
Bio | LinkdIn | Twitter | preti.com

**PretiFlaherty**
One City Center
P.O. Box 9546
Portland, ME 04112-9546

**From:** Haughey, Stephen N. <SHaughey@fbtlaw.com>
**Sent:** Wednesday, February 28, 2024 4:57 PM
**To:** Osantowski, Kevin C. <KOsantowski@preti.com>; Talbert, Jeffrey D. <JTalbert@preti.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>; Gregory J. DeGulis <gdegulis@mdllp.net>; Berlin, Steve <SBERLIN@ktslaw.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers
**Importance:** High

Note: *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

---

Kevin, counsel for OSCO and Reynolds reviewed your email response on behalf of Goodyear. Based on the response, Goodyear continues to refuse to answer a straightforward question – did it enter into a settlement with its insurance carriers for disputed coverage for defense/env. response costs at numerous sites that included the JCL as one of the covered sites? Based on what we know from a limited discussion with one of the insurance carrier's attorneys, as well as the implied message in your second paragraph, the answer is clearly yes. Thus, whether the settlement included a payment intended to cover all of Goodyear's response costs for the JCL, no matter when incurred, is relevant in this equitable contribution case under caselaw the Defendants cited and Magistrate Judge Deavers agreed with in her decision granting the MTC, and Defendants are therefore entitled to obtain a copy of the settlement subject, if appropriate, to the parties' agreed protective order.

The issue of the date of the insurance settlement in relation to Goodyear's subsequent investigation and remedial work at the JCL is irrelevant. Goodyear's decision to seek coverage for JCL-related costs <u>after</u> it started incurring defense costs in response to the OAG's enforcement referral in 1998, but <u>before</u> additional costs for investigation/remediation were incurred, meant only that Goodyear had to provide an estimate of the costs it anticipated incurring at the JCL, in exchange for the payment. Based on standard practice followed by all insurance carriers, there is no way Goodyear would have received payment for anything other than all future response costs, including remedial costs, because that is the only way a carrier could avoid being piecemealed with future claims for the same site. For that reason, how much Goodyear was paid by the carriers to cover all JCL-related costs is clearly relevant in this case.

As to the timeliness of Defendants' request in relation to the close of fact discovery late in February 2023, Goodyear stated in discovery responses and its response to the MTC, all well before the close of fact discovery, that no documents existed that were relevant to a settlement with insurance carriers for any remediation costs for the JCL. Defendants had no obligation to serve Rule 45 discovery on insurance carriers just in case Goodyear's representations might not be accurate or complete. Just as the Magistrate Judge stated in her ruling, subject to Rule 11, the Court and Defendants had to take Goodyear at its word until facts proved otherwise. Doc. 200, PAGEID # 11537. We discovered such facts by shear happenstance in January when the firm's env. lawyers

6

were moved to the same floor as its insurance litigators, one of whom is Dave Walulik, whose office is just down the hall, who I happened to ask about his knowledge of Goodyear's insurance case, which, as it turns out, was so large in number of carriers and sites that he was aware of the case and its global settlement.

For these reasons, Defendants urge your client to reconsider its position before we must contact Magistrate Judge Deavers to request a Rule 37 conference. If such does not happen by tomorrow morning, after the lunch hour Defendants' counsel will email her and her clerk to request the conference, copied to Goodyear's counsel. Thank you, Steve Haughey

**Stephen N. Haughey**

Attorney at Law |   Frost Brown Todd LLP

513.651.6127          Direct

859.322.9238          Mobile

shaughey@fbtlaw.com

---

**From:** Osantowski, Kevin C. <KOsantowski@preti.com>
**Sent:** Tuesday, February 27, 2024 7:24 PM
**To:** Haughey, Stephen N. <SHaughey@fbtlaw.com>; Talbert, Jeffrey D. <JTalbert@preti.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

Steve:

Per your request, Goodyear conducted another review (third time) of its records pertaining to insurance recoveries stemming from alleged environmental liabilities associated with numerous sites for information pertaining to any recoveries related to the JCL site. This review included re-reviewing records from previous litigation between Goodyear and its insurance carriers in the matter of *Goodyear Tire & Rubber Co. v. Aetna Casualty & Surety Co.* Case No. 93-09-3226. After conducting this additional review Goodyear confirmed that "it is unaware of any insurance recovery salient to the JCL remediation work for which Goodyear seeks contribution from the PRP defendants." ECF No 166 at PAGEID 9115.

As a reminder, Goodyear's insurance litigation and recovery in that matter predated any agreement by Goodyear to perform the RI/FS at the JCL. During the time period of the insurance matter, Goodyear was not even aware that it would have to pay more than a portion of the RI/FS costs. It was not contemplated that Goodyear might also have to perform the RD/RA at the JCL. As Goodyear made clear in its Amended Complaint (ECF No. 51 at PAGEID 287–88), Goodyear is only seeking to recover Defendants' respective equitable share of response costs Goodyear incurred in connection with performing the RD/RA at the JCL pursuant to the December 16, 2016, Director's Final Findings and Orders for Remedial Design and Remedial Action. As such, Goodyear is not seeking contribution from Defendants for any of Goodyear's past costs incurred in connection with performing the RI/FS, which Goodyear represents were substantial. Any confidential settlements related to Goodyear's past costs incurred in connection with the RI/FS are therefore not relevant to the present litigation, and Goodyear is under no obligation to produce documents related to such settlements. Therefore, and as the Magistrate's Order already noted, Goodyear has satisfied its discovery obligations on this issue.

We would also point out that Defendants have long known about Goodyear's prior litigation with its insurers, and that Goodyear had settled with at least some of them. Such knowledge is well documented in the January 19, 2023 e-mail you sent to Goodyear's counsel. Despite knowing this well in advance of the February 2023 fact discovery deadline, Defendants chose not to subpoena Goodyear's insurers when it had the opportunity. Moreover, Goodyear offered to clarify any remaining questions that Defendants had regarding historic insurance recoveries during Goodyear's 30(b)(6) deposition, but Defendants chose not to notice this topic for deposition. Defendants have no legitimate basis to raise this issue now, more than a year after fact discovery has closed. Goodyear reserves its right seek sanctions for any costs Goodyear is forced to incur to defend against a meritless fishing expedition.

Kevin C. Osantowski
Attorney
**PretiFlaherty**

**From:** Haughey, Stephen N. <SHaughey@fbtlaw.com>
**Sent:** Tuesday, February 27, 2024 5:00 PM
**To:** Osantowski, Kevin C. <KOsantowski@preti.com>; Talbert, Jeffrey D. <JTalbert@preti.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

Note: *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Kevin, we naturally assumed that yesterday morning's email was an indication that counsel was finalizing Goodyear's response or waiting on client approval before sending, and that the response would come later that day. Please let us know as soon as possible what the hold up is. Thank you, Steve Haughey

**Stephen N. Haughey**

| Attorney at Law | | Frost Brown Todd LLP |
|---|---|
| 513.651.6127 | Direct |
| 859.322.9238 | Mobile |

shaughey@fbtlaw.com

**From:** Osantowski, Kevin C. <KOsantowski@preti.com>
**Sent:** Monday, February 26, 2024 10:05 AM
**To:** Haughey, Stephen N. <SHaughey@fbtlaw.com>; Talbert, Jeffrey D. <JTalbert@preti.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

Steve:

We will have Goodyear's response to Defendants shortly.

Kevin C. Osantowski
Attorney
**PretiFlaherty**

**From:** Haughey, Stephen N. <SHaughey@fbtlaw.com>
**Sent:** Tuesday, February 20, 2024 10:32 AM
**To:** Osantowski, Kevin C. <KOsantowski@preti.com>; Talbert, Jeffrey D. <JTalbert@preti.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

Note: *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Kevin, thanks for the follow-up to last week's email. We can debate later, if necessary, whether "new information" has triggered a supplemental or amended response by Goodyear to its discovery responses or its

representation made to the Magistrate in the context of the MTC filings. Unless Messrs. Sussman or Bordenkircher are unavailable, and there is no other person at Goodyear available to answer this question, Defendants do not see why it takes the better part of 3+ weeks for Goodyear to answer a straightforward, two-part question: Did it enter into a settlement or agreement with multiple carriers in the amended complaint/action we emailed last week, thereby resolving disputed claims for coverage for response costs at multiple sites, and, if so, did the settlement or agreement include the JCL? According to Dave Walulik's contact, the answer is yes to the first part, and that the settlement should have covered all sites for which Goodyear sought coverage in its amended complaint. If that representation is correct, such settlement or agreement would have included the JCL, and thus is relevant evidence in this equitable contribution action, and a copy thereof must be produced subject, if appropriate, to the parties' agreed protective order. Unless there is a good faith demonstration of Goodyear's unavailability, Defendants believe it is reasonable for them expect a response to this question by the end of this week. Please contact us if you or Jeff Talbert have any questions. Thank you. Steve Haughey

Stephen N. Haughey

**Attorney at Law |** Frost Brown Todd LLP

513.651.6127     Direct

859.322.9238     Mobile

shaughey@fbtlaw.com

---

**From:** Osantowski, Kevin C. <KOsantowski@preti.com>
**Sent:** Monday, February 19, 2024 4:46 PM
**To:** Haughey, Stephen N. <SHaughey@fbtlaw.com>; Talbert, Jeffrey D. <JTalbert@preti.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>; Piper, Benjamin S. <BPiper@preti.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

Steve:

Thanks for your follow-up e-mail. We disagree with your assertion that any "new information" has come to light almost exactly one year after fact discovery in this case ended. Nonetheless, we have notified Goodyear of Defendants' renewed request, and Goodyear is actively working to confirm (for a third time now) that it does not have any relevant information. We will follow up with Defendants once the inquiry is completed and we have had an opportunity to discuss any findings with our client. I do not envision this process taking more than another week or two to complete but will let you know if circumstances change.

Regards,

Kevin Osantowski

**Kevin C. Osantowski**
Attorney
**PretiFlaherty**

---

**From:** Haughey, Stephen N. <SHaughey@fbtlaw.com>
**Sent:** Sunday, February 18, 2024 4:18 PM
**To:** Talbert, Jeffrey D. <JTalbert@preti.com>; Osantowski, Kevin C. <KOsantowski@preti.com>
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>
**Subject:** RE: Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers

9

Note: *** This email originated from outside of Preti. Please do not click on any links or open attachments unless you can verify the sender and content.***

Jeff/Kevin, please reply back to all sometime tomorrow to confirm receipt of Defendants' request below, and whether the request is being discussed with your client. Thank you, Steve Haughey

**Stephen N. Haughey**

| **Attorney at Law** | | **Frost Brown Todd LLP** |
| 513.651.6127 | Direct |
| 859.322.9238 | Mobile |

shaughey@fbtlaw.com

---

**From:** Haughey, Stephen N.
**Sent:** Tuesday, February 13, 2024 7:20 PM
**To:** Talbert, Jeffrey D. <JTalbert@preti.com>; KOsantowski@preti.com
**Cc:** Bryant, Lindsey A. <lbryant@fbtlaw.com>; Roessler, Todd <TRoessler@ktslaw.com>; Walulik, David W. <dwalulik@fbtlaw.com>
**Subject:** Defendants' Rule 37.1 Request for Meet/Confer Conference –Recovery by Goodyear of JCL Response Costs from Insurance Carriers
**Importance:** High

Dear Counsel:

In the Magistrate's ruling (Doc. 200) on OSCO's Motion to Compel (MTC) (Doc. 165) addressing Goodyear's responses to discovery requests asking for documents relating to recovery of response costs for the JCL from various sources, including insurance carriers, Goodyear represented to the Court that "no relevant documents existed" relating to recovery of JCL response costs from insurance carriers. Doc. 200, PAGEID # 11537. Based on that representation, the Court denied that aspect of OSCO's MTC, but reminded Goodyear that its response was subject to Rule 11 and the obligation to timely supplement discovery responses with new information. *Id.*

The amended complaint (Doc. 165-1) that Goodyear filed against its carriers in *Goodyear Tire & Rubber Co. v. Aetna Casualty & Surety Co.*, Case No. 93-09-3226, which led to the decision reported at 95 Ohio St. 3d 512 (2002), is attached. In it Goodyear sought recovery from 28 carriers for response costs at 122 sites, including the JCL. Doc. 165-1, PAGEID # 9104. One of our insurance recovery litigators, Dave Walulik, is very familiar with the case. He contacted counsel for one of the carriers involved in the case, and was informed that a global settlement was reached between Goodyear and numerous carriers involving numerous sites. While counsel could not disclose the terms due to a confidentiality agreement, counsel stated that the settlement covered all sites for which Goodyear sought coverage in the amended complaint. Thus, because Goodyear included the JCL in the amended complaint, it must have been covered by the global settlement.

Defendants made clear in their Rule 37.1 written objections and the MTC filed with the Court that, regardless whether such recovery was a lump-sum payout w/o expressly allocating amounts to specific sites, if a settlement included the JCL, Defendants were entitled to obtain a copy of the related document(s). *See* Doc. 171, PAGEID # 9160. Assuming such settlement covered all response costs incurred, or to be incurred, by Goodyear for each covered site, which Dave indicated was the common practice at the time, the settlement is relevant regardless whether a recovery by Goodyear of JCL response costs occurred before Goodyear's incurred additional response costs to implement the remedy.

Based on this new information, OSCO and Reynolds repeat their discovery request to Goodyear for a copy of all documents addressing payment by carriers of response costs incurred at the JCL. Defendants are agreeable to treating such documents as confidential under the terms of the agreed protective order. If Goodyear refuses this

request, Defendants will request a Rule 37 conference with the Magistrate to explain what was discovered, and ask her to allow Defendants to submit a limited Rule 45 subpoena for documents to insurance carriers involved in the case.

Please reply back as soon as possible to all, and let us know some alternative dates/times for a Rule 37.1 conference to discuss this issue. Thank you, Steve Haughey

**Stephen N. Haughey**

| **Attorney at Law |** | **Frost Brown Todd LLP** |
|---|---|
| 513.651.6127 | Direct |
| 859.322.9238 | Mobile |

shaughey@fbtlaw.com

NOTICE: This electronic mail transmission is for the use of the named individual or entity to which it is directed and may contain information that is privileged or confidential. It is not to be transmitted to or received by anyone other than the named addressee (or a person authorized to deliver it to the named addressee). It is not to be copied or forwarded to any unauthorized persons. If you have received this electronic mail transmission in error, delete it from your system without copying or forwarding it, and notify the sender of the error by replying via email or by calling Frost Brown Todd LLP at (513) 651-6800, so that our address record can be corrected.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at jtalbert@preti.com or via telephone at 207.791.3000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at bpiper@preti.com or via telephone at 207.791.3000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at jthaler@preti.com or via telephone at 207.791.3000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.

This E-Mail may contain information that is privileged, confidential and / or exempt from discovery or disclosure under applicable law.

Unintended transmission shall not constitute waiver of the attorney-client or any other privilege. If you are not the intended recipient of this communication, and have received it in error, please do not distribute it and notify me immediately by E-mail at jthaler@preti.com or via telephone at 207.791.3000 and delete the original message. Unless expressly stated in this e-mail, nothing in this message or any attachment should be construed as a digital or electronic signature or as a legal opinion.