# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE GOODYEAR TIRE & RUBBER COMPANY, | ) ) ) ) |
| Plaintiff, | ) Case No. 2:20-cv-06347-MHW-EPD ) |
| v. | ) Hon. Michael H. Watson ) Hon. Magistrate Elizabeth A. Preston Deavers ) |
| CONAGRA FOODS, INC., *et al.*, | ) **DECLARATION OF STEVEN C.** ) **BORDENKIRCHER** ) ) |
| Defendants. | ) |

Steven C. Bordenkircher hereby declares and states as follows:

1. My name is Steven C. Bordenkircher. I am a resident of the State of Ohio. I am over 21 years of age. I am competent to make the following statements made in this declaration based on my personal knowledge. If called as a witness, I can completely testify to the truth of the statements made in this declaration.

2. I am employed by The Goodyear Tire & Rubber Company ("Goodyear") as Senior Legal Counsel, Environmental and Sustainability, which includes providing oversight of and assistance with the above-captioned litigation.

3. In 2022, I was asked by Goodyear's outside counsel in this matter for assistance in responding to certain discovery requests in Defendant OSCO Industries, Inc.'s ("OSCO") First Set of Fact Discovery Requests to Goodyear, dated July 18, 2022.

4. Among the discovery requests I assisted in responding to was Request No. 5 in OSCO's Request for Production of Documents, which sought "all settlements Goodyear has

1

entered into relating in any way to response costs Goodyear incurred, or will in the future incur, at the Jackson County Landfill Site," with "settlements" to include any insurance recovery.

5. Because Request No. 5 was issued in this litigation (and subject to relevance objections), Goodyear interpreted the request to seek settlements Goodyear has entered into relating to response costs Goodyear seeks to recover in this litigation, for which there are no insurance recoveries. That interpretation formed the basis for Goodyear's initial response to Request No. 5.

6. In January 2023, I learned through outside counsel in this matter that OSCO sought documents related to confidential settlements between Goodyear and insurance carriers involving numerous claims entered long before Goodyear incurred or contemplated the costs at issue in this litigation.

7. Based on this information, I reviewed those prior confidential settlements and documents related thereto, including internal, privileged documents relating to claims and negotiations.

8. Based on that review, I determined that the only settlements between Goodyear and its insurance carriers potentially involving the Jackson County Landfill ("JCL") were confidential settlements that included only costs Goodyear does not seek to recover in this litigation ("Insurance Settlements").

9. The Insurance Settlements were entered into after Goodyear was approached by the Ohio Environmental Protection Agency ("Ohio EPA") to enter into orders to perform part or all of the remedial investigation and feasibility study ("RI/FS") for the JCL, and before Goodyear had entered into such orders with Ohio EPA or incurred any costs to perform the RI/FS for the JCL.

2

10. The Insurance Settlements were entered into several years before Goodyear was approached by Ohio EPA to enter into orders to perform all or part of the remedial design and remedial action ("RD/RA") for the JCL, incurred any costs to perform the RD/RA for the JCL, or had any reasonable basis to anticipate that Goodyear would incur costs to perform the RD/RA for the JCL.

11. Based on my review of Goodyear documents, I determined that Goodyear's estimate of future JCL costs included in the basis of its Insurance Settlement negotiations was solely related to anticipated future RI/FS costs because: (a) Goodyear had not yet incurred any RI/FS costs for JCL; (b) the estimate ultimately only covered a small fraction of then-future RI/FS costs; and (c) Goodyear did not have any estimates or a reasonable basis to anticipate or estimate any RD/RA costs.

12. Goodyear is not seeking any costs related to the RI/FS for the JCL in this case.

13. Goodyear seeks only recovery of costs related to the RD/RA for the JCL in this case, and these amounts were not included in any insurance recoveries.

14. Accordingly, Goodyear has not entered into any settlement agreements with insurers or otherwise received any insurance recovery for the response costs it seeks to recover in this case.

Pursuant to 28 C.F.R. § 1746, I declare under penalty of perjury that these statements are true and correct to the best of my knowledge and belief.

Signed: _____  Date: March 4, 2024

3