# EXHIBIT 5

**IN THE U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

| | |
|---|---|
| THE GOODYEAR TIRE & RUBBER COMPANY, | : Case No. 2:20-CV-6347 |
| | : |
| | : Judge Michael H. Watson |
| Plaintiff, | : Magistrate Judge Elizabeth P. Deavers |
| | : |
| v. | : |
| | : |
| CONAGRA FOODS, INC., *et. al.*, | : |
| | : |
| Defendants. | : |

**OPINION AND ORDER**

Pursuant to Fed. R. Civ. P. 37(a), S.D. Ohio Civ. R. 37.1, the Court's March 20, 2024, Rule 37 telephone conference (ECF No. 267), and the Court's March 25, 2024, Notation Order, the Defendants OSCO Industries, Inc. and R.J. Reynolds Tobacco Holdings, Inc. ("Defendants"), and the Plaintiff The Goodyear Tire & Rubber Company have submitted cross-memoranda addressing a discovery dispute relating to the Court's August 11, 2023, Opinion and Order (ECF No. 200) that denied in part Defendants' Motion to Compel ("MTC"), based on Goodyear's amended discovery response stating that it had not obtained any recovery from insurance carriers related to the Jackson County Landfill site. *Id*. at PAGEID # 11537, *citing* ECF No. 166-2, PAGEID # 9135 (Goodyear's amended discovery response).

Having reviewed the cross-memoranda and supporting exhibits, and re-reviewed the memoranda and exhibits filed in conjunction with the MTC and the Court's ensuing Opinion and Order, the Court finds **FOR GOOD CAUSE SHOWN**, that Defendants' request for injunctive relief and sanctions is hereby **GRANTED**. The Court orders the following phased relief:

1. **WITHIN SEVEN DAYS** of the date of this **ORDER**, Plaintiff shall produce to Defendants a complete, unredacted copy of all agreements between it and any insurance

carrier that includes payment of any JCL-related response costs, regardless whether the payment was in the form of an unspecified lump-sum for multiple sites or a specified allocation for the JCL;

2. **WITHIN SEVENTEEN DAYS** of the date of this **ORDER**, Defendants may submit to the Court their lodestar calculation of legal fees, expenses, and related costs, with supporting time sheets and invoices, for their counsel's work necessitated by Plaintiff's failure to respond correctly and in good faith to discovery requests that sought the above-referenced agreements; and

3. The Court hereby notifies Plaintiff of the potential default of its Amended Complaint, followed by a potential award of additional sanctions, depending on the degree of impact that the agreements are determined to have on the merits of Plaintiff's claim and the resulting additional level of prejudice caused to Defendants.

This **ORDER** does not limit or otherwise restrict Plaintiff's right to assert a claim of confidentiality for the agreements under the agreed confidentiality order the parties entered in this case (ECF No. 84), nor otherwise limit or restrict Plaintiff's right to challenge the relevancy of the agreements in an appropriate filing with the Court.

**IT IS SO ORDERED.**

_____
**ELIZABETH P. DEAVERS, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**

_____
Date

0124938.0597034 4885-4036-1395v1