IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THE GOODYEAR TIRE & RUBBER COMPANY,**

    **Plaintiff,**

v.

**CONAGRA FOODS, INC.,** *et al.***,**

    **Defendants.**

Case No. 2:20-cv-6347
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

On March 20, 2024, the Court held a Status Conference to discuss a discovery dispute and ordered letter briefing on the issue. The dispute is fully briefed and ripe for judicial review.

On August 11, 2023, the Court issued an Opinion and Order which, in part, addressed various discovery requests served by Defendant OSCO Industries, Inc. ("OSCO") regarding whether Goodyear has recovered recovery costs from insurance carriers. (ECF No. 200.) In that Opinion and Order, the Court highlighted statements by Plaintiff The Goodyear Tire & Rubber Company ("Goodyear") that it had "explained that it is unaware of any insurance recovery salient to the [Landfill][1] remediation work for which Goodyear seeks contribution from the PRP defendants," and that "[b]ecause [it] has no relevant information to provide on this point at this time and [it] responded to the requests and confirmed that the record would be amended, if necessary, in the future, OSCO should not have troubled this Court with the instant motion." (*Id.* at PAGEID # 11536.)  The Court also acknowledged OSCO's argument that "regardless of how

---

[1] The Court will refer to the Jackson County Landfill at issue in this litigation as the "Landfill." (*See* ECF No. 200.)

Goodyear recovered money from its insurance carriers, OSCO and the other Defendants are entitled to know how much," as well as OSCO's belief that the filings from a 1993 Ohio state court action "suggest[] strongly" that Goodyear reached at least one settlement with an insurance carrier related to subject Jackson County Landfill (the "Landfill")." (*Id.*) Notwithstanding OSCO's belief on this point, the Court held as follows:

> While the Court appreciates OSCO's skepticism given the procedural history of Goodyear's earlier state court action against various insurers, and Goodyear's reticent language during the underlying meet-and-confer correspondence, the Court finds that on the record provided, Goodyear has satisfied its discovery obligations on this issue. Specifically, Goodyear has stated that it has no relevant information to provide for OSCO's request regarding insurance recoveries. Notwithstanding OSCO's disbelief, this response ends the inquiry, as Goodyear cannot produce documents which it states do not exist.

(*Id.* at PAGEID ## 11536-11537 (internal quotation marks and citations omitted).) The Court concluded that it was "powerless to compel any information which Goodyear attests does not exist," but noted in a footnote that "if Goodyear later supplements its discovery responses to identify any insurance recoveries which it knew about, or reasonably should have known about, at the time of the subject briefing, then the Court will entertain an appropriate motion" for sanctions. (*Id.* at PAGEID # 11537 n.2.)

Now, several months later, OSCO brings the subject discovery dispute before the Court because it believes that "Goodyear falsely stated that it had not recovered any [Landfill]-related response costs from insurance carriers, when in fact it recovered close to $245 million from carriers for multiple sites, including the [Landfill]." (ECF No. 271.) According to OSCO, "Defendants' discovery that Goodyear had recovered [Landfill]-related response costs from its insurance carriers was sheer happenstance," as it was not until counsel for OSCO were relocated as part of an office renovation when they happened to discuss the case with a senior insurance-coverage litigator. (*Id.* at PAGEID # 18802.) During that conversation, the other attorney told

OSCO's counsel "that he recalled a global settlement having been entered into by Goodyear with multiple carriers for multiple sites, and a subsequent call from [the other attorney] to one of the insurance counsel involved in the case confirmed [the other attorney's] recollection and that all sites listed in the complaint had been addressed in the settlement." (*Id.*)

Upon learning this information, OSCO "requested that Goodyear revise its [discovery] response and produce the settlements with its carriers." (*Id.* at PAGEID # 18802 (citing ECF 271-1 at PAGEID ## 18826-18827).)  In response, Goodyear has not produced any relevant documents.  Instead, Goodyear produced the Declaration of Steven C. Bordenkircher (the "Declaration"), in which Goodyear's in-house counsel attests that "the only settlements between Goodyear and its insurance carriers potentially involving the [Landfill] were confidential settlements that included only costs Goodyear does not seek to recover in this litigation." (ECF No. 271-2 at PAGEID # 18833, ¶ 8.)  Goodyear's in-house counsel further attests that, in his opinion, "Goodyear has not entered into any settlement agreements with insurers or otherwise received any insurance recovery for the response costs it seeks to recover in this case." (*Id.* at PAGEID # 18834, ¶ 14.)  Unsurprisingly, OSCO does not accept this otherwise-unsupported attestation, stating that "Goodyear has no right to expect Defendants, or the Court, to simply 'take its word at face value' that the recovery of [Landfill]-related response costs from carriers is irrelevant to this CERCLA contribution action based on settlement terms that Goodyear ***has steadfastly refused*** to disclose to Defendants so that they can make that decision for themselves." (ECF No. 271 at PAGEID ## 18805-18805 (emphasis in original).)

The Court agrees with OSCO without hesitation, as this is ***exactly*** what the Court feared may happen when it issued its August 11, 2023 Opinion and Order.  At that time, Goodyear did not dispute that any insurance recoveries would be relevant; it instead stated that it simply did

3

not have any information to produce. (*See* ECF No. 200 at PAGEID ## 11536-11537.) Despite recognizing OSCO's skepticism and noting that Goodyear conspicuously failed to acknowledge, let alone address, OSCO's suspicions regarding the earlier state court litigation, the Court relied on Goodyear's statement that no such information existed. (*Id.* at PAGEID # 11537 ("As it stands, Goodyear's responses are protected by the bounds of Rule 11, and the Court is powerless to compel any information which Goodyear attests does not exist.").)

Now, Goodyear argues that "nothing has changed to warrant the Court revisiting its prior order." The Court wholly disagrees. (ECF No. 268 at PAGEID # 18403.) As Goodyear should be well aware, on December 2, 2022, it amended its response to OSCO's Document Request No. 5 to state as follows:

> With respect to any "settlement" with an insurance carrier, **Goodyear has not received *any* insurance recoveries related to the [Landfill].** Goodyear will amend its response as appropriate.

(ECF No. 166-2 at PAGEID # 9135 (emphasis added).) The Court expressly relied on this amended response in its August 11, 2023 Opinion and Order. (ECF No. 200 at PAGEID # 11537 ("Notwithstanding OSCO's disbelief, this response ends the inquiry, as Goodyear cannot produce documents which it states do not exist.").) But now the Court knows that this statement was not true, and the Court believes that Goodyear knew, or most certainly should have known, that it was not true.[2] So yes, contrary to Goodyear's belief, the circumstances have materially changed.[3]

---

[2] In the subject briefing, Goodyear attempts to rewrite history, submitting that its amended response "informed OSCO that [Goodyear] had not received insurance recoveries *related to JCL remediation costs for which Goodyear sought contribution*." (ECF No. 268 at PAGEID # 18396 (emphasis added).) Clearly, however, this is not what Goodyear wrote when it amended its discovery response, and the Court will not be gaslit into thinking it was.

[3] Separately, Goodyear now also attempts to argue that "there is zero relevancy to the discovery which Defendants are seeking," but the Court rejects that argument on its face. (ECF No. 268 at

4

For these reasons, the Court does not hesitate to allow OSCO to obtain the discovery it diligently sought, and should have received, long before the discovery period closed.  *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) ("The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements.") (quotation omitted).  OSCO's discovery request is relevant, and Goodyear has not provided any compelling reason why it cannot produce the requested documents.  Accordingly, for good cause shown, the Court **GRANTS IN PART** the Joint Memorandum of OSCO Industries, Inc. and R.J. Reynolds Tobacco Holdings, Inc. in Follow-up to the Court's Ruling (Doc. 200) on Defendants' Rule 37 Motion to Compel Goodyear to Produce Documents Addressing Recovery of JCL-Related Response Costs from Insurance Carriers, ECF No. 271.  Plaintiff is **DIRECTED** to produce, within **FOURTEEN (14) DAYS** of the date of this Order, **COMPLETE AND UNREDACTED** copies of **ALL** agreements between it and **ANY** insurance carrier that included payment of **ANY** Landfill-related costs, **REGARDLESS** of whether the payment was in the form of an unspecified lump-sum for multiple sites or a specified allocation for the Landfill.

Finally, Defendants also seek various sanctions against Goodyear.  (ECF No. 271.)  That issue remains pending, and the presiding District Judge will address that request separately.

**IT IS SO ORDERED.**

**Date: May 31, 2024**  /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

---

PAGEID # 18405 (emphasis in original).)  As Defendants have consistently argued – and to which Goodyear did not object, until now – Goodyear's recovery of Landfill-related response costs from all sources, including insurance carriers, is highly relevant in this private-party CERCLA contribution action.  (*See, e.g.,* ECF No. 165 at PAGEID # 9068-9069.)  This information was relevant when OSCO filed its Motion to Compel, and it remains relevant now.  Further, to the extent Goodyear relies on its in-house counsel to be the definitive adjudicator of what is relevant, it is mistaken.  Judges, not parties, determine the relevancy of documents.