**IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| THE GOODYEAR TIRE & RUBBER COMPANY, | : : : | Case No. 2:20-CV-6347<br>Judge Michael H. Watson<br>Magistrate Judge Elizabeth P. Deavers |
| Plaintiff, | : : | |
| v. | : : : | **Reply of OSCO Industries, Inc. and R.J. Reynolds Tobacco Holdings, Inc. in Support of their Joint Motion (1) to Dismiss Goodyear's Complaint and Award Fees and Costs as Sanctions, (2) to Strike/Disregard its Improper June 14, 2024, Filing, and (3) as an Alternative to Dismissal, for Leave to File Joint Supplements to Their Respective MSJ and Joint *Daubert* Motion Regarding Goodyear's Allocation Expert, Based on the Insurance Recovery** |
| CONAGRA FOODS, INC., *et. al.*, | : : | |
| Defendants. | : : : : : : : : : | |

_____

OSCO and Reynolds (collectively "Defendants") hereby jointly reply to Goodyear's Memorandum in Opposition (Doc. 280) to the above-captioned Joint Motion. The Memorandum misrepresents the facts, offers belated and wholly-inadequate explanations for Goodyear's conduct, downplays the significant prejudice caused to OSCO and Reynolds, and is topped off with an unsupported request for oral argument and an impudent "reminder" to the Court to "follow the law" if it intends to sanction Goodyear. If Defendants may borrow the Court's phrase (Doc. 274 at PAGEID # 19061), Goodyear's response further "gaslights" the Court and Defendants, serving only to demonstrate why Defendants' relief is justified. They provide the following replies in the order in which the assertions appear in Goodyear's Memorandum:

**1. Reply to the Assertion that the Insurance Recovery is Irrelevant. (Doc. 280, PAGEID ## 19112-19114, 19117-19118)**

In the Court's May 31, 2024, Opinion and Order that ordered production of the insurance settlements, the Court summarily rejected Goodyear's new-found argument that its recovery of JCL-related response costs from carriers had zero relevancy to this case, stating that it is "highly

relevant" in a private-party CERCLA contribution action. Doc. 274, PAGEID ## 19061-19062. Unwilling to accept the Court's finding, Goodyear renews the argument by ignoring the express language of its complaint against the carriers, its settlements with them, and its SEC filings, to support an assertion that the settlements just reimbursed investigation costs, and that it did not know at the time it would have to remediate the JCL. Doc. 280, PAGEID ## 19112-19114, 19117-19118. This assertion is irrelevant and a blatant distortion of the facts.

First, it makes no difference (1) how much JCL-related response costs, Goodyear had incurred (or estimated it would incur) when it sued the carriers for coverage and then settled with them; (2) whether its costs incurred (or estimated) at the time of the settlements were for investigation or remediation; or (3) whether it knew at the time of the settlements how much additional costs it might incur to complete the investigation or remediation. Instead, what is relevant is whether (1) it sued the carriers to recover *all* response costs - past, present and future - for the JCL; (2) its settlements with them covered *all* response costs - past, present and future - for the JCL, and (3) it recovered sufficient funds that, under the language of the settlements, could be applied to cover *all* of its future costs for the JCL, including remediation costs.

The answer to these questions is unequivocally yes. First, it sued the carriers to recover all past, present and future costs for all of the subject sites, including the JCL. *See* Doc. 165-1, PAGEID # 9092-9094 (Goodyear's Complaint and Request for Relief). Second, its settlements expressly stated that they covered all past, present and future costs at the subject sites, as confirmed in its SEC reports. *See* Docs. 277-1, PAGEID # 19079 (citations to the terms of the settlements); 271-3, PAGEID ## 18855, 18859, 18889, and 18908 (2004 SEC 10K filing); and 271-4, PAGEID ## 18961 and 18967 (1st and 3rd Quarterly SEC 10Q filings for 2005). And third, it recovered a total of $261 million in unallocated lump-sums, more than enough to cover

the JCL's remediation costs, ***with complete discretion to apply the lump-sums in any amount or fashion it saw fit to any of the subject sites***.  *See* Doc. 277-1, PAGEID # 19079 (citations to the terms of the settlements).  Goodyear's assertion that it recovered only reimbursement of incurred (or estimated) investigation costs ($362,199) is blatantly contradicted by the express language of these documents.  The settlements are clearly relevant and thus discoverable, starting with Goodyear's mandatory Rule 26(a)(1)(A)(iv) initial disclosures, and its persistent and pernicious efforts to avoid disclosing them, coupled with its false statement that they did not even exist, constitute egregious, sanctionable conduct.

Second, the fact that it might not have known[1] the extent of its future remedial obligations for the JCL at the time of the settlements is irrelevant.  ***Goodyear made a first business decision*** to settle its coverage claims for all sites via unallocated lump-sum payments that covered all future costs rather than (1) continuing to prosecute the claim for each site until all future costs were incurred, or at least reasonably estimable, or (2) settling under terms that would allow it to submit future claims for additional costs.  ***It made a second business decision*** to bear the risk that accepting lump-sum settlements might not cover all future costs at all sites.  ***It made a third business decision*** not to allocate in the settlements the payments amongst the different sites, but to take them as <u>unallocated lump-sums</u> with complete, unbridled discretion to apply any, some, or even none, of the $261 million to reimburse future costs at ***any*** of the subject sites, including the JCL.  The assertion that the lump-sum recovery of $261 million from the carriers led to an alleged "shortfall" of unreimbursed remediation costs for the JCL is disingenuous at best.  Any such "shortfall" was nothing but ***a fourth business decision*** to not

---

[1] Goodyear's implication that at the time of its settlements it had no reason to know that it might have to also remediate the JCL is belied by its own documents.  *See* Exhibits One, Two and Three (correspondence between Ohio EPA and Goodyear discussing its potential obligation to remediate the JCL as far back as 1999).

apply the $261 million to the JCL's remediation costs, despite the settlements stating that the payments were to cover all future costs at all of the subject sites, including the JCL.  ***Goodyear cannot create an equitable right of contribution under CERCLA for the JCL's remediation costs by refusing to spend thereon the unallocated lump-sum of $261 million it obtained from the carriers, a recovery the settlements stated was intended to cover the future costs for all of the subject sites***.  Such right would, taken to its extreme, allow Goodyear to fritter away the $261 million, or use it all at one site, and then sue other allegedly liable parties at the other sites for "equitable" contribution to recover the so-called "shortfall."  Goodyear cites no decision that allows lump-sum insurance recovery of CERCLA response costs to be used such way to support an equitable contribution claim under the statute.[2]

**2. Reply to Assertion that Delayed Disclosure was Justified, not Due to Willfulness, Bad Faith or Fault, and Prejudiced Defendants only the Cost to File their Motion to Compel. (Doc. 280, PAGEID ## 19117, 19119-19121)**

Goodyear supports these assertions primarily with its claim that its insurance recovery was irrelevant to its remediation costs for the JCL, an assertion that is groundless and in conflict with the express terms of the complaint it filed against its carriers, its settlements with them, and its SEC filings.  Despite entering into a bilateral confidentiality agreement (Doc. 84), Goodyear did not disclose the settlements in its initial disclosures; in eight subsequent amendments thereto; in response to fact discovery requests; after Defendants filed LR 37.1 objections and the parties participated in a "meet and confer" session; nor during expert discovery where the issue of insurance recovery directly impacted the opinion offered by its own expert on an equitable allocation of the remediation costs.  Even after Defendants brought to Goodyear's attention that

---

[2] Accepting insurance recovery in unallocated lump-sums and attempting an after-the-fact, self-serving allocation thereof to salvage a challenged CERCLA contribution claim was instrumental in the Tenth Circuit's decision in *Friedland v. TIC-The Industrial Company*, 566 F. 3d 1203 (10th Cir. 2009), to dismiss the claim.  *Id*. at 1211.  If the

4

they discovered the existence of the settlements, and it knew, or at least should have known, that it had misled them and the Court to believe the settlements did not exist and such act had directly impacted the outcome of Defendants' Motion to Compel, Goodyear did not produce the settlements. Rather than promptly filing an amended discovery response, informing the Court of the allegedly "inadvertent error,"[3] and producing the settlements, Goodyear *threatened* Defendants with sanctions for their allegedly untimely request for the settlements. Doc. 271-1, PAGEID # 1825. These acts evidence longstanding willfulness, bad faith, and fault by Goodyear. Furthermore, as demonstrated in Defendants' Joint Motion, these acts prejudiced Defendants at every phase of this case, and their ability to negotiate a settlement of their alleged liability, not just their cost to file the Motion to Compel. Doc. 277, PAGEID ## 19069-19072.

3. **Reply to Assertion that Court Should not Permit Defendants to Supplement Their** *Daubert* **Motion and MSJ. (Doc. 280, PAGEID # 19121)**

The support for this assertion is the baseless claim that the insurance recovery is irrelevant to this case. If the Court does not dismiss Goodyear's Complaint as a discovery sanction, there is no logical reason not to allow Defendants to file these supplements, which may impact the outcome of the respective motions.

4. **Conclusion.**

For the foregoing reasons, Defendants request dismissal of Goodyear's Complaint, an award of fees/expenses back to the date of Goodyear's initial disclosures (June 22, 2021), and, if

---

Court does not dismiss Goodyear's Complaint, Defendants are asking to supplement their MSJ to address the applicability of *Friedland* to the outcome of this case.

[3] Goodyear terms its December 2, 2022, amended discovery response stating that no insurance settlements existed as "an imprecise, technically inaccurate, unintentional misstatement" by counsel in a mere "letter." Doc. 280, PAGEID # 19112. The misstatement was an amended discovery response, not a letter, and Goodyear is obligated to review and approve its counsel's draft discovery responses before they are served. In addition, stating clearly that something does not exist when it does is not a "mere imprecise, technically inaccurate misstatement," but a clear, unequivocally false statement. And nothing justifies the almost one-year delay by Goodyear telling Defendants and the Court of a "misstatement" that was expressly relied upon to support the Court's ruling on Defendants' Motion to Compel.

5

the Court does not dismiss the Complaint or disallow Low's expert opinion as sanctions, leave to file a joint supplement to their MSJs and their joint *Daubert* motion, respectively.

Respectfully submitted,

*ss/Stephen N. Haughey*
Stephen N. Haughey (0010459) (Trial Counsel)
William D. Hayes (0037240)
Lindsey A. Bryant (0100606)
David W. Walulik (0076079)
**FROST BROWN TODD LLP**
301 E. Fourth Street, Suite 3300
Cincinnati, Ohio 45202
(513) 651-6800
shaughey@fbtlaw.com
whayes@fbtlaw.com
lbryant@fbtlaw.com
dwalulik@fbtlaw.com
*Attorneys for Defendant OSCO Industries, Inc.*

*ss//Gregory J. DeGulis*
(per July 29, 2024, email authorization)
Gregory J. DeGulis (#0045705)
Megan E. Goedeker (#0099649)
**MCMAHON DEGULIS LLP**
812 Huron Road, Suite 650
Cleveland, OH 44115
(216) 621-1312
gdegulis@mdllp.net
mgoedeker@mdllp.net
*Trial Attorneys for R.J. Reynolds Tobacco Holdings, Inc.*

Stephen R. Berlin
**KILPATRICK TOWNSEND & STOCKTON LLP**
1001 West Fourth Street
Winston-Salem, NC 27101-2400
(336) 607-7300
SBerlin@KilpatrickTownsend.com

Todd S. Roessler
**KILPATRICK TOWNSEND & STOCKTON LLP**
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
(919) 420-1700
TRoessler@KilpatrickTownsend.com
*Attorneys for R.J. Reynolds Tobacco Holdings, Inc.,*

6

*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2024, this Joint Reply was filed with the Court's electronic filing system by counsel for OSCO, with approval from counsel for Reynolds, and parties may independently access this filing through the electronic filing system.

*ss/Lindsey A. Bryant*

0124938.0597034   4861-6992-3283v1