# EXHIBIT 2

*Squire, Sanders & Dempsey*
L.L.P.

*Counsellors at Law*
*1300 Huntington Center*
*41 South High Street*
*Columbus, Ohio 43215*

Telephone (614) 365-2700
Telecopier (614) 365-2499

Direct Dial Number
(614) 365-2720

RECEIVED
SEP 16 1999
LAW DEPT

September 13, 1999

*Privileged and Confidential Settlement Communication*
*Inadmissible in Evidence*

<u>*Via Facsimile and Regular Mail*</u>

Karl F.C. Colón, Esq.
Assistant Attorney General
Office of the Ohio Attorney General
Environmental Enforcement Section
30 East Broad Street
Columbus, Ohio 43215

Re: <u>Jackson County Landfill</u>

Dear Karl:

I am writing to follow up on our telephone conversation of several weeks ago concerning the State of Ohio's continuing interest in involving The Goodyear Tire & Rubber Company ("Goodyear") in the possible remediation of environmental conditions at the former Jackson County Landfill ("the site"). In our conversation, I understood the State's position, as you articulated, to be (1) that the State continues to consider Goodyear to be a "potentially responsible party" for remediation of the site; (2) that the State continues to be willing to discuss settlement of its potential claims against Goodyear, and (3) that the State may now be willing to consider Goodyear's proposal, tendered in August 1998, to investigate environmental conditions at the site.

As you know, the State's prior position with respect to Goodyear has been that it would discuss settlement only if Goodyear were interested in funding a substantial portion of a cap for the site. But given the limited information concerning the contaminants of concern at the site, Goodyear was, and remains, unwilling to fund a substantial portion of such a remedy for the site, especially where the State was unwilling to pursue recovery from any other waste contributor. Goodyear has always been willing to discuss possible alternatives that would address our mutual goals of accurately determining actual environmental concerns at the site as well as responsibility for such concerns. Accordingly, Goodyear had proposed to perform a preliminary

*Bratislava · Brussels · Budapest · Cleveland · Hong Kong · Houston · Jacksonville · Kyiv*
*London · Madrid · Miami · Moscow · New York · Phoenix · Prague · Taipei · Washington*

*Squire, Sanders & Dempsey*
L.L.P.

Karl F.C. Colón, Esq.  September 13, 1999
Page 2

site investigation, in return for the State investigating the potential responsibility of other known and suspected waste contributors. See Letter from T. Grever to J. Koncelik, August 13, 1998. (Goodyear attempted to present its site investigation proposal in detail to Ohio EPA representatives and Assistant Attorney General Joe Koncelik on August 18, 1998. During that meeting, the State indicated it was interested in discussing only Goodyear's involvement in funding a cap for the site-- a discussion in which Goodyear has declined to participate at the levels suggested by the State.)

Goodyear remains willing to discuss its August 1998 proposal further with the State. The basic components of that proposal are outlined in my August 13, 1998 letter to Joe Koncelik. If the State is now willing to consider that proposal, we suggest scheduling a meeting to discuss the details of that proposal.

I must reiterate, as I did in our phone conversation, that a key component of Goodyear's proposal was that the State would actively investigate the potential responsibility of other waste contributors. Among the conditions outlined in the proposal, we would expect that the State will issue information requests under CERCLA § 104(e) to parties (or their successors) for which information in the State's possession supports such an inquiry. Such information, at a minimum, would include the deposition testimony of the site owner, Greg Fields, which was taken by Joe Koncelik during the State's suit against Fields for closure of the landfill. Our review of that deposition indicates the potential responsibility of numerous other entities, as indicated in the list attached hereto. We would further expect that the State will provide us with all responses it receives to the 104(e) requests.

Please contact me when you are prepared to discuss this further, or if you would like any further information concerning Goodyear's proposal. Of course, we would be happy to arrange a meeting with you and representatives of the Ohio EPA to discuss our proposal more fully, and we look forward to working with you toward a resolution of concerns over this site.

Very truly yours,

Thomas J. Grever

TJG/dfh

cc: Frank A. Cich, Esq.
Geoffrey K. Barnes, Esq.

*Squire, Sanders & Dempsey*
L.L.P.

Karl F.C. Colón, Esq.  September 13, 1999
Page 3

## Landfill Customers Identified in Deposition of Greg Fields
## June 10, 1998

"All local businesses"
Banquet Foods
CAMSCO
Central Soya
Collins Packing Company
"EPA"
Federal Mogal
Foodland
Frick and Gallagher
Honda Suzuki
City of Jackson
Jax Corporation
Jackson Corporation
Landmark
Louis Jenos
Merrilat
Mid-America (Waste Hauling)
Monally Pittsburgh
Village of Oak Hill
OSCO
Pillsbury
Plibrico
Purina
Robbins & Meyers
R.J. Reynolds
Stockmeister Enterprises
Wellston Aerosol